**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALLSTATE INSURANCE CO., *et al.*, | )<br>) |
| Plaintiffs, | ) Case No. 2:15-cv-01786-APG-CWH<br>) |
| vs. | ) **ORDER**<br>) |
| DR. RUSSELL J. SHAH, M.D., *et al.*, | )<br>) |
| Defendants. | ) |

This matter is before the Court on the parties' Stipulation to Stay Discovery (doc. # 12), filed November 4, 2015. The parties seek to stay discovery based on a pending motion to dismiss in the instant case.

A court has broad discretionary power to control its docket, which extends to the issuance of a stay. See e.g., Landis v. North American Co., 299 U.S. 248, 254 (1936). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." Id. In exercising its discretion, the court must consider factors such as "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976). An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. Moreover, a court should not grant a stay absent a showing of hardship if "there is even a fair possibility that the stay... will work damage to someone else." Dependable Highway Express, Inc. v. Navigators Insurance Co., 498 F.3d 1059, 1066 (9th Cir. 2007). Therefore, a court must balance the competing interests affected by a stay such

as the "hardship or inequity which a party may suffer in being required to go forward." Lockyer v. State of California, 398 F.3d 1098, 1110 (9th Cir. 2005).

Here, the parties fail to file points and authorities in support of their request for a stay, as required by Local Rule 7-2. The parties also fail to cite case law showing that the pending motion to dismiss necessarily requires the Court to stay the instant case. As such, the Court finds that a stay is not warranted.

Accordingly, **IT IS HEREBY ORDERED** that the parties' Stipulation to Stay Discovery (doc. # 12) is **denied without prejudice**.

DATED: November 9, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

2