DENNIS L. KENNEDY
Nevada Bar No. 1462
JOSEPH A. LIEBMAN
Nevada Bar No. 10125
JOSHUA P. GILMORE
Nevada Bar No. 11576
**BAILEY❖KENNEDY**
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
Telephone:  702.562.8820
Facsimile:  702.562.8821
DKennedy@BaileyKennedy.com
JLiebman@BaileyKennedy.com
JGilmore@BaileyKennedy.com

*Attorneys for Defendants*
RUSSELL J. SHAH, M.D.; DIPTI R. SHAH, M.D.; RUSSELL J. SHAH, MD, LTD.; DIPTI R. SHAH, MD, LTD.; and RADAR MEDICAL GROUP, LLP dba UNIVERSITY URGENT CARE

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>RUSSELL J. SHAH, M.D.; DIPTI R. SHAH, M.D.; RUSSELL J. SHAH, MD, LTD.; DIPTI R. SHAH, MD, LTD.;  and RADAR MEDICAL GROUP, LLP dba UNIVERSITY URGENT CARE, Does 1-100, and ROES 101-200,<br><br>Defendants. | Case No.  2:15-cv-01786-APG-CWH<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Plaintiffs ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY (collectively "Plaintiffs"), and Defendants RUSSELL J. SHAH, MD, DIPTI R. SHAH, MD, RUSSELL J. SHAH, MD, LTD., DIPTI R. SHAH, MD, LTD., and RADAR MEDICAL GROUP, LLP dba UNIVERSITY URGENT CARE (collectively "Defendants"), by and through their respective attorneys of record, stipulate and agree as follows:

Plaintiffs, and each of them, and Defendants, and each of them, are each referred to herein as a "party" and collectively as the "parties." Any reference to a party or a non-party means, unless otherwise indicated, a natural person, firm, entity, corporation, partnership, proprietorship, association, joint venture, wholly-owned direct or indirect subsidiary, division, affiliate, parent company, and any other form of business organization or arrangement, and includes the party or non-party's officers, directors, managers, members, employees, agents, representatives, shareholders, independent contractors, attorneys, accountants, and all other person(s) over whom the party or non-party has control or which act or purport to act on their behalf. Any party or non-party producing or disclosing Confidential Information (defined below) pursuant to this Stipulated Confidentiality Agreement and Protective Order ("Protective Order") is referred to herein as the "producing party" or the "designating party," and any party or non-party receiving or being given access to Confidential Information is referred to herein as the "receiving party."

## I.     PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, financial, commercial, private or highly personal and sensitive information for which special protection from public disclosure is warranted. The parties wish to prevent the possibility of any misuse or unnecessary disclosure of any information protected by a privacy right and/or confidentiality. The purpose of this Protective Order is to provide a means for limiting access to, and the use and disclosure of, protected documents and information that are produced in this action, as well as expedite the flow of discovery and facilitate the prompt resolution of any disputes over confidentiality.

1   The parties are in possession of documents which may constitute private personal
2 information about non-parties that is protected by the Health Insurance Portability and
3 Accountability Act of 1996 ("HIPAA"), but which the parties may otherwise be required to
4 produce in this action.  While "protected health information" is generally private information, 45
5 C.F.R. Section 164.512(e)(1) allows for certain use and disclosure of protected health information
6 in the course of any judicial proceeding either in response to (1) a discovery request where the
7 parties have agreed upon a qualified protective order and have presented it to the court or (2) a
8 court order.

## II.   "CONFIDENTIAL INFORMATION"

10   "Confidential Information" shall mean and include information, testimony, interrogatory
11 responses, responses to requests for admissions, documents, materials, items and tangible things
12 produced, disclosed or otherwise exchanged in discovery in this action, regardless of the medium
13 or manner generated, stored or maintained (collectively, "Discovery Material"), (i) which has not
14 been made public, (ii) which constitutes protected health information (as defined under HIPAA)
15 pertaining to those non-parties identified (by initials) in Exhibit "A" to the Complaint for Damages
16 and Demand for Jury Trial [Dkt. #1-1], trade secrets, confidential research and development
17 information, know-how, proprietary data, commercial information, company policies or practices,
18 financial information, accounting information, business strategies, personnel files, and/or highly
19 personal and sensitive information, (iii) which the producing party maintains in confidence, and
20 (iv) which the producing party in good faith believes that the unprotected disclosure or production
21 of which may result in economic or competitive injury or harm to or invasion of its rights or the
22 rights of a non-party to this action.

## III.   SCOPE

24   The protections conferred by this Protective Order cover not only Confidential Information
25 (as defined above), but also (1) any information copied or extracted from Discovery Material
26 containing Confidential Information; (2) all copies, excerpts, summaries, or compilations of
27 Discovery Material containing Confidential Information; and (3) any testimony, conversations, or
28 presentations by parties or their counsel that might reveal Confidential Information. However, the

protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise and not due to any unauthorized act or omission on the part of a receiving party.  For purposes of this Protective Order, "tax returns" shall not be declared as information or other material that is or has become part of the public domain, unless such tax returns have been made publicly available pursuant to state or federal law or otherwise have been voluntarily made publicly available by the taxpayer.

**IV.     ACCESS TO, USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION**

4.1     Basic Principles. A receiving party may use Confidential Information that is disclosed or produced by the producing party or by a non-party in connection with this action only for prosecuting, defending, or attempting to settle this action and for no other purpose whatsoever. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order to receive or be given access to Confidential Information.  A receiving party shall exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of Confidential Information as is exercised with respect to its own Confidential Information.  A receiving party shall further take all measures reasonably necessary to maintain the confidentiality of a producing party's Confidential Information and shall not permit or participate in the unauthorized production, disclosure, or use of such Confidential Information.

Nothing herein shall preclude the producing party from using or disclosing its own Confidential Information.

4.2     Use of Confidential Information in Depositions.  Any party shall have the right to use and disclose Confidential Information at depositions unless otherwise agreed in writing by the parties or on the record at the deposition.  If a third party deponent (or non-party who is not authorized to receive Confidential Information under this Protective Order) is present at the deposition, that third party deponent or non-party shall be required to execute a copy of "Exhibit A" attached to this Protective Order prior to dissemination or disclosure of any Confidential

Information. Counsel for the affected party may otherwise request that all individual(s) not qualified to obtain, receive or be given access to Confidential Information under this Protective Order leave the deposition session during any portion(s) where Confidential Information is used or referred to. The failure of a third party deponent or non-party to comply with such requests shall constitute substantial justification for counsel for the affected party to advise the witness that he or she need not answer the question pending. The party seeking to use or disclose Confidential Information at the deposition may then raise the issue with the Court to determine if Confidential Information can be used or disclosed at the deposition even though the third party deponent (or non-party who is not authorized to receive Confidential Information under Section 4.3) refuses to execute "Exhibit A."

    4.3    <u>Disclosure of "Confidential Information."</u> Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose Confidential Information only to:

    (a)    its counsel of record in this action, as well as employees of its counsel to whom it is reasonably necessary to disclose such information for this action;

    (b)    its officers, directors, and employees (including in house counsel) to whom disclosure is reasonably necessary for this action, unless the parties agree that a particular document or material produced is for "Attorney's Eyes Only" and is so designated;

    (c)    experts and consultants to whom disclosure is reasonably necessary to perform work for this action;

    (d)    the Court, court personnel, and court reporters and their staff;

    (e)    copy or imaging services retained by counsel to assist in the duplication of Discovery Material, provided that counsel for the receiving party retaining the copy or imaging service instructs the service not to disclose any Confidential Information to persons not authorized to receive Confidential Information under this Protective Order;

    (f)    court reporter(s) and videographers(s) employed to record depositions or live testimony in this action;

        (g)    during their depositions, witnesses in this action to whom disclosure is reasonably necessary and who signs the Confidentiality Agreement attached as "Exhibit A" to this Protective Order before being shown such Confidential Information, unless otherwise agreed by the designating party or ordered by the Court;

        (h)    the author or recipient of Discovery Material containing the information or a custodian or other person who otherwise possessed or knew the information; and

        (i)    any other person or non-party as to whom the parties in writing agree or that the Court in this action designates.

Any person or non-party to whom Confidential Information is produced, disclosed or revealed pursuant to subparts (c), (e), (f), (g), (h) or (i) of this Section shall first be given a copy of this Protective Order and advised, in sum and substance, as follows: (i) that Confidential Information is being disclosed pursuant to an Order of the Court and agreement of the parties; (ii) that Confidential Information may not be disclosed or disseminated orally, or by any other means, by such person or non-party to any other person or non-party not permitted to receive or have access to such Confidential Information pursuant to this Protective Order; (iii) that Confidential Information may not be used except for the purposes of this action as provided in this Protective Order or by Order of the Court; (iv) that Confidential Information must remain in that person or non-party's custody until returned to counsel from whom the Confidential Information was received; and (v) that any violation of this Protective Order may result in the imposition of sanctions as the Court deems proper. Moreover, any person or non-party to whom Confidential Information is or will be produced, disclosed or revealed pursuant to subparts (c), (g) or (i) of this Section shall be required to execute a copy of form "Exhibit A" attached to this Protective Order prior to dissemination of any Confidential Information. Proof of each written agreement provided for under this Section shall be maintained by each of the parties while this action is pending and disclosed to the other parties upon good cause shown and Order of the Court.

    4.4    <u>Disclosure of Protected Health Information.</u>  Within ten (10) calendar days of entry of this Protective Order, the Plaintiffs shall supplement their initial disclosures to produce all non-privileged documents in their possession, custody and control related to each of the non-parties

identified (by initials) in Exhibit "A" to the Complaint for Damages and Demand for Jury Trial [Dkt. #1-1], including, without limitation, protected health information concerning each of the non-parties. Within fifteen (15) calendar days of receipt of such documents, and prior to any further use or disclosure of a non-party's protected health information, the Defendants will send written notice (in English and Spanish), at their own expense, to each non-party at his or her last known address, whether via certified mail, return receipt requested, overnight courier for expedited delivery, or hand-delivery, of the intended use and disclosure of his or her protected health information solely for purposes of this action, enclosing the form notice attached hereto as "Exhibit B". A copy of the notice to the non-party must also be delivered by email to the Plaintiffs. The notice shall be given no less than fifteen (15) calendar days prior to any use or disclosure of the non-party's protected health information; shall include a copy of this Protective Order; and shall indicate that the non-party has an opportunity to object in writing to the use or disclosure of his or her protected health information in connection with this action. The non-party shall have fifteen (15) calendar days to respond in writing to the notice. If no written objection from the non-party is received by the Defendants in response to the notice upon expiration of the 15-day period, any party may thereafter use and disclose the non-party's protected health information in accordance with this Protective Order. If written objection (or any other form of writing) is received from the non-party by the Defendants within the 15-day period, a copy shall be delivered by email to the Plaintiffs, and the parties shall thereafter meet and confer in good faith regarding the non-party's objection. All parties shall be copied on written communications with a non-party concerning this provision. If the parties are unable to informally resolve the non-party's objection, any party may request a conference call with the Court or file a motion seeking to resolve it. If any party files a motion, the motion shall be filed within fifteen (15) calendar days of the date in which the parties are unable to informally resolve the individual non-party's objection. A copy of the motion shall be served on the non-party by first class U.S. mail. Until the motion is heard and decided by the Court, no party will use or disclose the individual non-party's protected health information.

The parties acknowledge that this provision is not intended to prevent any party from using or disclosing pertinent protected health information in this action, but rather, to address in good

1 faith and resolve any non-party's objection to the use or disclosure of his or her protected health
2 information that is or may be extraneous or unrelated to this action.

## V. DESIGNATING CONFIDENTIAL INFORMATION

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each party or non-party that designates Discovery Material for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of Discovery Material that qualify, so that other portions of the Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. If it comes to a designating party's attention that Discovery Material that it designated for protection does not qualify for protection, it must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Protective Order, or as otherwise agreed in writing by the parties or ordered by the Court, disclosure of Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before or when it is produced. A designation shall subject the Discovery Material to this Protective Order without any further act on the part of the producing party.

(a) <u>Confidential Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must, at its own expense, affix the word "CONFIDENTIAL" to each page that contains Confidential Information. Any designation under this Section shall take place prior to production or disclosure by the producing party; however, in the event that any Discovery Material is made available for inspection by a party, there will be no waiver of confidentiality by the inspection of such Discovery Material by the inspecting party before they are copied and produced with a confidential designation by the producing party. If Discovery Material is stored electronically or a confidential legend cannot otherwise be stamped or affixed upon it, the producing party may designate it as "CONFIDENTIAL" by cover letter.

(b) <u>Testimony given in deposition or in other pretrial proceedings:</u> the parties (through their respective counsel) may identify on the record, during a deposition, hearing, or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  The failure to make any designation on the record shall not constitute a waiver of any party's right to later designate all or portions of the transcript as "CONFIDENTIAL."  When a designation has been made on the record, the testimony or the transcript shall be disclosed only to those parties or non-parties described in Section 4.3 and to the testifying third-party deponent, and the Confidential Information contained therein shall be used only as specified in this Protective Order.  Pages of transcribed deposition testimony and/or exhibits to depositions that reveal or contain Confidential Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

Irrespective of any designation made on the record, counsel must designate portions of a deposition transcript, by page and line number(s), including any confidential exhibit(s) attached thereto, as "CONFIDENTIAL" within thirty (30) days of receiving the transcript and corresponding exhibit(s).  Designations may be made by letter to counsel of record for the parties.  Portions of deposition transcripts so designated shall be treated as Confidential Information by the parties as set forth herein.  If all or a portion of a videotaped deposition is intended to be designated as "CONFIDENTIAL," the videocassette, videotape, DVD, CD-ROM or other electronic medium storing or maintaining the deposition testimony shall be stamped or affixed "CONFIDENTIAL."  All copies of deposition transcripts that contain Confidential Information shall be prominently marked "CONFIDENTIAL" on the cover thereof.  During the thirty (30) day review period provided herein, the entire deposition transcript shall be treated as confidential, even if no confidential designation was made on the record during the deposition.  If no confidential designation is made on the record or within the thirty (30) day review period, the entire transcript shall be considered non-confidential unless later designated by a party (subject to any other party's right to challenge such untimely designation).

(c) <u>Other tangible items:</u> the producing party must, at its own expense, affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate.</u> If timely corrected, an inadvertent failure to designate as "CONFIDENTIAL" any Discovery Material does not, standing alone, waive the designating party's right to secure protection under this Protective Order for such Discovery Material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the Discovery Material is treated in accordance with the provisions of this Protective Order and destroy or return all previously produced copies of the undesignated Discovery Material. Disclosure of any Discovery Material to any person prior to its later designation shall not violate the terms of this Protective Order; however, written notice shall promptly be given of such confidentiality to the person in accordance with Section 4.3 and, if applicable, the person shall be required to sign "Exhibit A" attached hereto.

5.4 <u>Designation of Documents Received from a Party or Non-Party.</u> If any party determines that any Discovery Material produced in this action by any other party should have been designated as "CONFIDENTIAL," it shall advise all other parties of this fact in writing within thirty (30) days of the production. Such notice shall be accompanied by substitute copies of the Discovery Material at issue, properly designated as "CONFIDENTIAL."

Promptly, and in no event later than ten (10) days of receipt of any Discovery Material from a non-party, whether in response to a subpoena or court order, the party receiving such Discovery Material shall provide all parties in this action with copies thereof. Any party who reasonably believes in good faith that any Discovery Material produced by a non-party contains Confidential Information may, within thirty (30) days of receipt, designate the Discovery Material (or portions thereof) as "CONFIDENTIAL." Until this thirty (30) day review period expires, the parties shall treat all such Discovery Material produced by a non-party as confidential. If no objections or confidential designations are made within the thirty (30) day review period, the Discovery Material

shall be considered non-confidential unless subsequently designated by a party (subject to any other party's right to challenge such untimely designation).

Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with the subpoena and advise the non-party that it may designate as "CONFIDENTIAL" any Discovery Material that it produces in response to the subpoena or otherwise request that such designation be made by the party issuing the subpoena before producing the Discovery Material in this action. Any non-party invoking this Protective Order shall comply with, and be subject to, all applicable provisions of this Protective Order.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges.</u> Any party may challenge a designation of confidentiality at any time if it in good faith disputes a designation made by any other party or non-party. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of this action, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is made.

6.2 <u>Meet and Confer.</u> The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification from counsel, whether in a declaration or affidavit accompanying the motion, that the movant has engaged in a good faith meet and confer with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference after a written letter by counsel from the party challenging the confidential designation setting forth the reason(s) for the challenge.

6.3 <u>Judicial Intervention.</u> If the parties cannot resolve a challenge without court intervention, either party may file and serve a motion to determine the confidentiality of the disputed Discovery Material. The burden of persuasion in any such motion shall be on the designating party. All parties shall continue to maintain the Discovery Material in question as confidential until the Court rules on the challenge.

## VII. CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Discovery Material designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.

## VIII. UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION

If a receiving party learns of any possession, knowledge, use or disclosure of any Confidential Information in any manner not authorized under this Protective Order, it must immediately: (a) notify in writing the designating party of all pertinent facts relating to such unauthorized possession, knowledge, use or disclosure, and include the name and address of each person to whom disclosure was made; (b) use its best efforts to retrieve all unauthorized copies of the protected Discovery Material and prevent further recurrence of any unauthorized possession, knowledge, use or disclosure of Confidential Information; and (c) inform the person or persons to whom unauthorized disclosures were made of the terms of this Protective Order.

## IX. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

Nothing in this Protective Order abridges applicable law concerning inadvertent disclosure of any Discovery Material that the producing party believes contains attorney-client communications, attorney work product, or otherwise privileged or protected information. Disclosure of information that a producing party later claims should not have been disclosed

1  because of a privilege or other protection shall not constitute a waiver of, or estoppel as to, any
2  claim of privilege or other protection as to which the producing party would be entitled in this
3  action.  When a producing party gives written notice to a receiving party that certain inadvertently
4  produced material is subject to a claim of privilege or other protection, the obligations of the
5  receiving party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B), Federal Rule of
6  Evidence 502, and Nevada Rule of Professional Conduct 4.4(b). This Section is not intended to
7  modify whatever procedure may be established in an e-discovery order or agreement that provides
8  for production without prior privilege review.

## X.   FILING OF CONFIDENTIAL INFORMATION WITH THE COURT

Any Confidential Information that is filed with the Court by any party, or referenced in any pleading, motion, brief or memorandum filed with the Court by any party, shall be filed and maintained under seal (or in redacted form) in compliance with LR 10-5(b).  The party filing such Confidential Information with the Court shall concurrently file a motion for leave to file Confidential Information under seal and comply with the Ninth Circuit's directives in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

## XI.  RESERVATION OF RIGHTS

The parties reserve the following rights:

(a)   Nothing in this Protective Order, nor the production or disclosure of any Discovery Material under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed or construed (i) to have the effect of an admission or a waiver by either party of the confidentiality or non-confidentiality of any such Discovery Material; (ii) to alter the confidentiality or the non-confidentiality of any such Discovery Material; (iii) to alter any existing or pending obligation of any party or the absence thereof; or (iv) to affect in any way the authenticity or admissibility of any document, testimony or other evidence at trial.

(b)   The entry of this Protective Order shall be without prejudice to the rights of the parties, or any of them, or of any non-party, to seek additional or different protection for documents or information from the Court.

1           (c)     Each party may object to the production, disclosure or use of any Discovery
2    Material that a party designates as "CONFIDENTIAL" on any other ground(s) that it deems
3    appropriate, including, but not limited to, attorney-client privilege, work product, or any other
4    privilege or protection provided under applicable law.

5           (d)     This Protective Order shall neither enlarge nor affect the proper scope of
6    discovery in this action or any other litigation, nor shall this Protective Order be construed to
7    suggest that protected documents or information subject to this Protective Order are discoverable,
8    relevant or admissible in this action or any other litigation.

9           (e)     Nothing contained herein shall prejudice the right of any party to object to
10   the admissibility of Confidential Information subject to this Protective Order for any reason
11   permissible under applicable state or federal law.

12          (f)     The parties may notify any non-party to this action of the use or disclosure
13   of its Confidential Information by any party to this action, and entry of this Protective Order shall
14   not bar a non-party from seeking to preclude or limit any use or disclosure of its Confidential
15   Information in this action.

## XII.    NON-TERMINATION AND RETURN OF DOCUMENTS

17          Within sixty (60) days after the termination of this action, including all appeals, each
18   receiving party must return all Confidential Information to the producing party, including all
19   copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate
20   methods of destruction.

21          Notwithstanding this provision, counsel are entitled to retain one archival copy of all
22   documents filed with the Court, trial, deposition, and hearing transcripts, correspondence,
23   deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work
24   product, and all other Discovery Material even if any of it contains Confidential Information.

25          The confidentiality obligations imposed by this Protective Order shall remain in effect until
26   a designating party agrees otherwise in writing or the Court orders otherwise.  All counsel of
27   record in this action shall comply with the terms of this Protective Order, and shall ensure that their
28   clients, and the persons or non-parties receiving or being given access to Confidential Information

pursuant to this Protective Order, similarly comply herewith. The parties shall not utilize any portion of Confidential Information for their own personal or business advantage or gain, aside from purpose(s) related to this action. In the event of a change in counsel for a party, new counsel shall agree in writing to be bound by and subject to the terms of this Protective Order.

This Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of Confidential Information disclosed hereunder.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 19th day of May, 2016.

FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE
PLLC

By: /s/ Eron Z. Cannon
    ERON Z. CANNON, ESQ.
    Nevada Bar No. 8013
    701 Fifth Avenue, Suite 4750
    Seattle, WA 98104
*Attorneys for Plaintiffs*

DATED this 19th day of May, 2016.

BAILEY❖KENNEDY

By: /s/ Joshua P. Gilmore
    DENNIS L. KENNEDY
    JOSEPH A. LIEBMAN
    JOSHUA P. GILMORE
    8984 Spanish Ridge Avenue
    Las Vegas, NV 89148
*Attorneys for Defendants*

DATED this 19th day of May, 2016.

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: /s/ Jared P. Green
    JARED P. GREEN
    Nevada Bar No. 10059
    8337 West Sunset Road, Suite 350
    Las Vegas, NV 89113
*Attorneys for Plaintiffs*

**IT IS SO ORDERED.**

_____
United States Magistrate Judge

Dated: May 20, 2016

**"EXHIBIT A"**

**CONFIDENTIALITY AGREEMENT**

I, _____, do hereby acknowledge and agree, pursuant to 28 U.S.C. Section 1746, as follows:

1. I have read the Stipulated Confidentiality Agreement and Protective Order ("the Protective Order") entered in *Allstate Insurance Company, et al. v. Russell J. Shah, MD, et al.*, United States District Court, District of Nevada, Case No. 2:15-cv-01786-APG-CWH, and fully understand the contents thereof.

2. I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court, District of Nevada, so that said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

3. I understand that by signing this instrument, I will be eligible to receive "Confidential Information" under the terms and conditions of the Protective Order. I further understand and agree that I must treat any "Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _____

_____
(Signature)

_____
(Printed Name)

_____
(Address)

**"EXHIBIT B"**

Dear [insert name of non-party]:

This office represents the Defendants in regard to the matter entitled *Allstate Insurance Company, et al. v. Russell J. Shah, MD, et al.*, Case No. 2:15-cv-01786-APG-CWH, pending in the United States District Court for the District of Nevada (the "Lawsuit").

As you may know, the Plaintiffs and Defendants are each in possession of your private medical records related to a motor vehicle accident that occurred on or about [insert date of loss]. Notice is hereby given that the Plaintiffs and Defendants are required to use and disclose those private medical records in the Lawsuit. Your private medical records are protected by the Health Insurance Portability and Accountability Act of 1996, and will be used solely for purposes of the Lawsuit. You may object to use or disclosure of your private medical records by sending a written response to this letter via first class U.S. mail within fifteen (15) calendar days of the date of this letter to Bailey❖Kennedy at the following address: 8984 Spanish Ridge Ave., Las Vegas, Nevada 89148. Please specify the reasons for your objection in your letter. If a written objection is received from you, the Plaintiffs and Defendants will determine if your objection can be resolved by redacting portions of your private medical records. If the Plaintiffs and Defendants are not able to resolve a dispute regarding your objection, they will involve the Court to make the final determination. If you do not object in writing within 15 calendar days, your private medical records will be used and disclosed in the Lawsuit in strict accordance with the terms of a Stipulated Confidentiality Agreement and Protective Order, a copy of which is enclosed with this letter. This means, for example, that your private medical records will be treated as confidential by the parties and, absent Order of the Court, will not be subject to public disclosure.

Your prompt attention to this matter is greatly appreciated. Thank you.