| | |
|---|---|
| 1 | DENNIS L. KENNEDY |
| | Nevada Bar No. 1462 |
| 2 | JOSEPH A. LIEBMAN |
| | Nevada Bar No. 10125 |
| 3 | JOSHUA P. GILMORE |
| | Nevada Bar No. 11576 |
| 4 | **BAILEY❖KENNEDY** |
| | 8984 Spanish Ridge Avenue |
| 5 | Las Vegas, Nevada 89148-1302 |
| | Telephone: 702.562.8820 |
| 6 | Facsimile: 702.562.8821 |
| | DKennedy@BaileyKennedy.com |
| 7 | JLiebman@BaileyKennedy.com |
| | JGilmore@BaileyKennedy.com |

*Attorneys for Defendants & Counterclaimant*
RUSSELL J. SHAH, M.D.; DIPTI R. SHAH, M.D.; RUSSELL J. SHAH, MD, LTD.; DIPTI R. SHAH, MD, LTD.; and RADAR MEDICAL GROUP, LLP dba UNIVERSITY URGENT CARE

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> RUSSELL J. SHAH, M.D.; DIPTI R. SHAH, M.D.; RUSSELL J. SHAH, MD, LTD.; DIPTI R. SHAH, MD, LTD.; and RADAR MEDICAL GROUP, LLP dba UNIVERSITY URGENT CARE, Does 1-100, and ROES 101-200, <br><br> Defendants. <br><br> AND RELATED CLAIMS. | Case No. 2:15-cv-01786-APG-CWH <br><br> **STIPULATION AND ORDER TO EXTEND DISCOVERY** <br><br> **(FOURTH REQUEST)** |

Plaintiffs/Counterdefendants ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY (the "Allstate Parties" or "Plaintiffs"), and Defendants and Counterclaimant RUSSELL J. SHAH, M.D., DIPTI R. SHAH, M.D., RADAR MEDICAL GROUP, LLP dba UNIVERSITY URGENT CARE, RUSSELL J. SHAH, MD, LTD., and DIPTI R. SHAH, MD, LTD. (the "Radar Parties" or "Defendants"), by and through their respective attorneys of record, stipulate and agree that discovery deadlines be continued in this matter by an additional one hundred eighty (180) days beyond the dates set forth in the June 15, 2017 Order Extending Discovery [ECF No. 165].

Good cause exists to extend discovery deadlines so that the parties may continue diligently engaging in discovery necessary to determine all material facts related to this matter.

Pursuant to Fed. R. Civ. P. 16(b) and LR 26-4, the parties state the following:

**A. THE PARTIES HAVE COMPLETED THE FOLLOWING DISCOVERY:**

1. Plaintiffs' Initial Disclosures and Seventeen Supplements thereto;

2. Defendants' Initial Disclosures and Five Supplements thereto;

3. Plaintiffs' First Sets of Interrogatories, First Sets of Requests for Admissions, and First Sets of Requests for Production of Documents to Defendants;

4. Allstate Insurance Company's First Set of Interrogatories, and Counterdefendants' First Set of Requests for Production of Documents, to Radar Medical Group;

5. Defendants' First and Second Sets of Interrogatories, First Sets of Requests for Admissions, and First, Second, Third, and Fourth Set of Requests for Production of Documents to Plaintiffs;[1]

6. Subpoenas Duces Tecum to eight different law firms that represented Plaintiffs with regard to one or more of the underlying bodily injury claims;[2]

7. Subpoena Duces Tecum to Nevada State Board of Medical Examiners;

---

[1] Plaintiffs' responses to Defendants' Third Set of Requests for Production of Documents are the subject of a pending Motion to Compel [ECF No. 146].

[2] To date, four law firms have produced responsive documents.

Page **2** of **5**

8. Subpoena Duces Tecum to Las Vegas Radiology;
9. Subpoena Duces Tecum to Pueblo Medical Imaging;
10. Subpoena Duces Tecum to Southwood Pharmaceuticals;
11. Subpoena Duces Tecum to Mike Smith, P.I.;
12. Subpoena Duces Tecum to Bobby G and Associates L.L.C;
13. Subpoenas Duces Tecum to five different law firms that represent State Farm;
14. Deposition of Chelci Hudson (employee of the Allstate Parties);
15. Deposition of Underlying Claimant G.V.;
16. Deposition of Underlying Claimant R.W.;
17. Deposition of Underlying Claimant Y.W.;
18. Deposition of Roxana Ayon (former employee of Radar Medical Group);
19. Deposition of Edwin Favis, APRN (former employee of Radar Medical Group);
20. Deposition of Dipti R. Shah, M.D. (Day 1); and
21. Deposition of Russell J. Shah, M.D. (Day 1).

**B. DISCOVERY THAT REMAINS TO BE COMPLETED:**

1. The Allstate Parties' supplemental responses to the Radar Parties' First Sets of Interrogatories and First Set of Requests for Production of Documents (due by or before November 10, 2017, pursuant to the parties' October 17, 2017, Joint Status Report [ECF No. 187]);
2. Additional disclosures made by the parties as discovery continues;
3. Additional written discovery requests served by the parties;
4. Additional subpoenas duces tecum to third parties;
5. Depositions of the parties and other pertinent witnesses, such as:
   a. Current/former employees of Defendants;
   b. Underlying claimants;
   c. Witnesses who provided legal representation to the underlying claimants;
   d. Witnesses who provided legal representation to Plaintiffs;

|   |   |   |
|---|---|---|
| | e. | Current/former employees of Plaintiffs, including those who were involved in adjusting the underlying bodily injury claims, members of their Special Investigations Unit, and members of their corporate relations division; |
| | f. | Healthcare providers who treated the underlying claimants; and |
| | g. | Other persons with knowledge regarding the underlying claims and instant litigation. |

6. Expert Disclosures; and

7. Expert Depositions.

**C.  REASONS WHY THE REMAINING DISCOVERY WAS NOT COMPLETED:**

There has been extensive motion practice related to this matter, with several motions still pending before the Court. Further, the parties have exchanged tens of thousands of pages of documents, including medical files and claims file materials related to the underlying claimants. The parties have taken several depositions, although it will take several months to complete all necessary depositions.

As of May 23, 2017, the parties temporarily ceased taking all depositions in this matter (except with regard to Topic Area Nos. 1-15 of the Fed. R. Civ. P. 30(b)(6) Deposition of the Allstate Parties), while the Allstate Parties prepared supplemental discovery responses as ordered by the Court at the May 18, 2017 hearing [ECF No. 151]. (*See also* June 15, 2017 Order [ECF No. 165], at 4:6-19.) That process has taken longer than anticipated; however, the information is needed before depositions resume and initial expert disclosures are made.

The parties are thus requesting an extension of current deadlines as outlined below in order to complete the extensive discovery that is anticipated in this matter.

**D.  PROPOSED SCHEDULE FOR COMPLETING THE REMAINING DISCOVERY:**

The parties propose the following discovery deadlines:

Last Day to Complete Discovery: October 1, 2018[3]

Deadline for Initial Expert Disclosures: July 3, 2018

---

[3]  180 days from Monday, April 2, 2018 is Saturday, September 29, 2017. Monday, October 1, 2018 is the next judicial day.

| | |
|---|---|
| Deadline for Rebuttal Expert Disclosures: | September 3, 2018[4] |
| Motions to Amend Pleadings/Add Parties: | July 3, 2018 |
| Deadline to File Dispositive Motions: | November 30, 2018[5] |

Trial has not yet been scheduled in this matter.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 9th day of November, 2017.  DATED this 9th day of November, 2017.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

BAILEY❖KENNEDY

By: */s/ Todd W. Baxter*
    DYLAN P. TODD
    TODD W. BAXTER
    8337 West Sunset Road, Suite 350
    Las Vegas, NV 89113

ERON Z. CANNON
FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN
SPILLANE PLLC
701 Fifth Avenue, Suite 4750
Seattle, WA 98104

*Attorneys for Plaintiffs/Counterdefendants*

By: */s/ Joshua P. Gilmore*
    DENNIS L. KENNEDY
    JOSEPH A. LIEBMAN
    JOSHUA P. GILMORE
    8984 Spanish Ridge Avenue
    Las Vegas, NV 89148

*Attorneys for Defendants & Counterclaimant*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: 11/14/17

---

[4] Although LR 26-1(b)(3) require rebuttal expert disclosures to be made 30 days after initial expert disclosures, given the number of issues and claimants, the parties believe that 60 days is more appropriate. 60 days from Tuesday, July 3, 2018 is Saturday, September 1, 2018. Monday, September 3, 2018 is the next judicial day.

[5] Although LR 26-1(b)(4) requires dispositive motions to be filed 30 days after the discovery cut-off date, given the number of issues and claimants, the parties believe that 60 days is more appropriate.