1  DENNIS L. KENNEDY
   Nevada Bar No. 1462
2  JOSEPH A. LIEBMAN
   Nevada Bar No. 10125
3  JOSHUA P. GILMORE
   Nevada Bar No. 11576
4  ANDREA M. CHAMPION
   Nevada Bar No. 13461
5  **BAILEY❖KENNEDY**
   8984 Spanish Ridge Avenue
6  Las Vegas, Nevada 89148-1302
   Telephone: 702.562.8820
7  Facsimile: 702.562.8821
   DKennedy@BaileyKennedy.com
8  JLiebman@BaileyKennedy.com
   JGilmore@BaileyKennedy.com
9  AChampion@BaileyKennedy.com

10 *Attorneys for Defendants & Counterclaimant*
   RUSSELL J. SHAH, M.D.; DIPTI R. SHAH,
11 M.D.; RUSSELL J. SHAH, MD, LTD.; DIPTI
   R. SHAH, MD, LTD.;  and RADAR
12 MEDICAL GROUP, LLP dba UNIVERSITY
   URGENT CARE
13
                    UNITED STATES DISTRICT COURT
14                      DISTRICT OF NEVADA

15
   ALLSTATE INSURANCE COMPANY,
16 ALLSTATE PROPERTY & CASUALTY
   INSURANCE COMPANY, ALLSTATE          Case No.  2:15-cv-01786-APG-CWH
17 INDEMNITY COMPANY, and ALLSTATE
   FIRE & CASUALTY INSURANCE            **STIPULATION AND ORDER TO**
18 COMPANY,                             **EXTEND DISCOVERY**

19                    Plaintiffs,       **(FIFTH REQUEST)**

20           vs.

21 RUSSELL J. SHAH, M.D.; DIPTI R. SHAH,
   M.D.; RUSSELL J. SHAH, MD, LTD.; DIPTI
22 R. SHAH, MD, LTD.;  and RADAR MEDICAL
   GROUP, LLP dba UNIVERSITY URGENT
23 CARE, Does 1-100, and ROES 101-200,

24                    Defendants.

25 AND RELATED CLAIMS.

26

27

28

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

Plaintiffs/Counterdefendants ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY (the "Allstate Parties" or "Plaintiffs"), and Defendants and Counterclaimant RUSSELL J. SHAH, M.D., DIPTI R. SHAH, M.D., RADAR MEDICAL GROUP, LLP dba UNIVERSITY URGENT CARE, RUSSELL J. SHAH, MD, LTD., and DIPTI R. SHAH, MD, LTD. (the "Radar Parties" or "Defendants"), by and through their respective attorneys of record, stipulate and agree that discovery deadlines be continued in this matter by an additional one hundred ninety-four (194) days beyond the dates set forth in the November 14, 2017 Order Extending Discovery [ECF No. 194].[1]

Good cause exists to extend discovery deadlines so that the parties may continue diligently engaging in discovery necessary to determine all material facts related to this matter.

Pursuant to Fed. R. Civ. P. 16(b) and LR 26-4, the parties state the following:

**A.     THE PARTIES HAVE COMPLETED THE FOLLOWING DISCOVERY:**

1.     Plaintiffs' Initial Disclosures and Eighteen Supplements thereto;

2.     Defendants' Initial Disclosures and Ten Supplements thereto;

3.     Plaintiffs' First Sets of Interrogatories, First Sets of Requests for Admissions, and First Sets of Requests for Production of Documents to Defendants;

4.     Allstate Insurance Company's First Set of Interrogatories, and Counterdefendants' First Set of Requests for Production of Documents, to Radar Medical Group;

5.     Defendants' First and Second Sets of Interrogatories, First Sets of Requests for Admissions, and First, Second, Third, and Fourth Set of Requests for Production of Documents to Plaintiffs;

6.     Subpoenas Duces Tecum to eight different law firms that represented Plaintiffs with regard to one or more of the underlying bodily injury claims;[2]

7.     Subpoena Duces Tecum to Nevada State Board of Medical Examiners;

---

[1]     The parties had initially discussed seeking a 180-day extension. However, doing so resulted in an initial expert disclosure deadline of January 2, 2019—the day after New Year's Day. As a result, the parties discussed extending deadlines by an additional 14 days, for a total of 194 days.

[2]     To date, four law firms have produced responsive documents.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

8.     Subpoena Duces Tecum to Las Vegas Radiology;

9.     Subpoena Duces Tecum to Pueblo Medical Imaging;

10.    Subpoena Duces Tecum to Southwood Pharmaceuticals;

11.    Subpoena Duces Tecum to Mike Smith, P.I.;

12.    Subpoena Duces Tecum to Bobby G and Associates L.L.C;

13.    Subpoenas Duces Tecum to five different law firms that represent State Farm;

14.    Deposition of Chelci Hudson (employee of the Allstate Parties);

15.    Deposition of Underlying Claimant G.V.;

16.    Deposition of Underlying Claimant R.W.;

17.    Deposition of Underlying Claimant Y.W.;

18.    Deposition of Roxana Ayon (former employee of Radar Medical Group);

19.    Deposition of Edwin Favis, APRN (former employee of Radar Medical Group);

20.    Deposition of Dipti R. Shah, M.D. (Day 1);

21.    Deposition of Russell J. Shah, M.D. (Day 1);

22.    Deposition of Robert A. Gronauer (employee of Bobby G and Associates L.L.C.);

23.    Subpoena Duces Tecum to National Insurance Crime Bureau;

24.    Subpoena Duces Tecum to City National Bank;

25.    Subpoena Duces Tecum to Bank of George;

26.    Subpoena Duces Tecum to Nevada State Bank;

27.    Subpoena Duces Tecum to O'Bannon Anaya & Company Ltd.;

28.    Subpoena Duces Tecum to the American Board of Psychiatry & Neurology;

29.    Subpoena Duces Tecum to American University of the Caribbean;

30.    Subpoena Duces Tecum to California State University Long Beach;

31.    Subpoena Duces Tecum to Evanston Hospital;

32.    Subpoena Duces Tecum to Northwestern University Medical School;

33.    Subpoena Duces Tecum to Rush University Medical Center;[3]

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

---

[3]     The Radar Parties' Objection [ECF No. 278] to the April 19, 2018 Order [ECF No. 271] denying a motion to quash or modify the academic, bank, and accountant subpoenas is pending before the Court.

34. Subpoena Duces Tecum to C & E Consulting, Inc.;

35. Subpoena Duces Tecum to Ernie Libman;

36. Subpoena Duces Tecum to Nevada State Board of Pharmacy; and

37. Subpoenas Duces Tecum to fifty-five different law firms that represented one or more of the underlying claimants.[4]

**B.    DISCOVERY THAT REMAINS TO BE COMPLETED:**

1. Additional disclosures made by the parties as discovery continues;

2. Additional written discovery requests served by the parties;

3. Additional subpoenas duces tecum to third parties;

4. Depositions of the parties[5] and other pertinent witnesses, such as:

    a. Current/former employees of Defendants;[6]

    b. Underlying claimants;

    c. Witnesses who provided legal representation to the underlying claimants;

    d. Witnesses who provided legal representation to Plaintiffs;

    e. Current/former employees of Plaintiffs, including those who were involved in adjusting the underlying bodily injury claims, members of their Special Investigations Unit, and members of their corporate relations division;

    f. Healthcare providers who treated the underlying claimants; and

    g. Other persons with knowledge regarding the underlying claims and instant litigation.

---

[4] To date, the Insurance Companies have received 31 formal responses.

[5] In terms of the individual depositions of Drs. Russell and Dipti Shah, on June 6, 2018, Eron Cannon, counsel for the Allstate Parties, and Joshua Gilmore and Andrea Champion, counsel for the Radar Parties, conducted a telephonic meet and confer related to the issue presented by the Radar Parties' motion for protective order [ECF No. 282], which was denied without prejudice by the Court by Order dated May 30, 2018 [ECF No. 291]. Because the parties were unable to resolve their differences (despite good faith efforts to do so) and have reached an impasse, the Radar Parties intend to renew their motion for protective order.

The Allstate Parties' motion for protective order [ECF No. 281] relating to the Fed. R. Civ. P. 30(b)(6) deposition of Allstate Insurance Company is pending before the Court. In the interim, the Allstate Parties have identified at least four designated representatives – Aaron Patterson, Gina Accola, Rose Tamayo, and Melissa Hanfpt – who may be appearing for the deposition, as well as indicated that claims representatives will be presented for portions of Topic No. 16.

[6] The deposition of Fabiola Lopez-Chavez is scheduled to take place on July 17, 2018.

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

5.      Expert Disclosures; and

6.      Expert Depositions.

**C.      REASONS WHY THE REMAINING DISCOVERY WAS NOT COMPLETED:**

There has been extensive motion practice related to this matter, with several motions still pending before the Court.  The parties took longer than anticipated to complete the meet and confer process regarding supplemental discovery responses produced by the Allstate Parties following the May 18, 2017 hearing in this matter; however, the information was needed before depositions could resume and for purposes of moving forward with initial expert disclosures.  On January 26, 2018, the parties submitted a joint status report [ECF No. 226] indicating that they had completed that process.  The Radar Parties had separately requested a stay of discovery [ECF No. 224] due to a pending motion for summary judgment [ECF No. 183], which stay request was denied by the Court by Order dated March 23, 2018 [ECF No. 266].  The parties then promptly began to meet and confer, and continue to meet and confer, regarding scheduling depositions in this matter.

So far, the parties have exchanged tens of thousands of pages of documents, including medical files and claims file materials related to the underlying claimants, as well as obtained and produced numerous documents received from third parties.  The parties have taken several depositions, although it will take several months to complete all remaining depositions, particularly given scheduling conflicts for counsel in the upcoming months due to trials set in unrelated matters.

Given the significant amount of discovery to be completed in this matter (and the time associated with doing so), while the parties have attempted to complete discovery in a timely manner, the parties are requesting an extension of current deadlines as outlined below in order to complete the extensive discovery that is anticipated in this matter.

**D.      PROPOSED SCHEDULE FOR COMPLETING THE REMAINING DISCOVERY:**

The parties propose the following discovery deadlines:

Last Day to Complete Discovery:                    April 15, 2019[7]

Deadline for Initial Expert Disclosures:          January 15, 2019

_____

[7]        194 days from Monday, October 1, 2018 is Saturday, April 13, 2019.  Monday, April 15, 2019 is the next judicial day.

| | |
|---|---|
| Deadline for Rebuttal Expert Disclosures: | March 18, 2019[8] |
| Motions to Amend Pleadings/Add Parties: | January 15, 2019 |
| Deadline to File Dispositive Motions: | June 15, 2019[9] |

Trial has not yet been scheduled in this matter.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED this 7th day of June, 2018.

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

By: _/s/ Dylan P. Todd_
    DYLAN P. TODD
    TODD W. BAXTER
    8337 West Sunset Road, Suite 350
    Las Vegas, NV 89113

    ERON Z. CANNON
    FAIN ANDERSON VANDERHOEF
    ROSENDAHL O'HALLORAN
    SPILLANE PLLC
    701 Fifth Avenue, Suite 4750
    Seattle, WA 98104

*Attorneys for Plaintiffs/Counterdefendants*

DATED this 7th day of June, 2018.

BAILEY❖KENNEDY

By: _/s/ Joshua P. Gilmore_
    DENNIS L. KENNEDY
    JOSEPH A. LIEBMAN
    JOSHUA P. GILMORE
    ANDREA M. CHAMPION
    8984 Spanish Ridge Avenue
    Las Vegas, NV 89148

*Attorneys for Defendants & Counterclaimant*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

DATED: June 11, 2018 _____

BAILEY❖KENNEDY
8984 SPANISH RIDGE AVENUE
LAS VEGAS, NEVADA 89148-1302
702.562.8820

---

[8]    Although LR 26-1(b)(3) require rebuttal expert disclosures to be made 30 days after initial expert disclosures, given the number of issues and claimants, the parties believe that 60 days is more appropriate. 60 days from January 15, 2019 is Saturday, March 16, 2019. Monday, March 18, 2019 is the next judicial day.

[9]    Although LR 26-1(b)(4) requires dispositive motions to be filed 30 days after the discovery cut-off date, given the number of issues and claimants, the parties believe that 60 days is more appropriate.