UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DR. RUSSELL J. SHAH, M.D., et al.,<br><br>Defendants. | Case No. 2:15-cv-01786-APG-CWH<br><br>**ORDER (1) DENYING MOTION FOR SUMMARY JUDGMENT, (2) GRANTING MOTION TO SUPPLEMENT, AND (3) GRANTING MOTION FOR RULE 11 SANCTIONS**<br><br>(ECF Nos. 183, 230, 263) |

The plaintiffs are related Allstate companies who brought suit against the defendant doctors and their office (defendant Radar Medical Group, LLP), alleging the defendants are inflating their patients' medical bills so the patients can extract more money from Allstate in personal injury lawsuits. The defendants move for summary judgment, arguing that under Allstate's theory as alleged in the amended complaint, the defendants conspired with 213 claimants' personal injury attorneys knowing that (1) their treatment was being provided in connection with a potential lawsuit, (2) their records would be communicated to Allstate through settlement demand letters, and (3) the goal was to increase the settlements and judgments so their liens could be paid. The defendants contend that given these allegations, Allstate's claims are barred by Nevada's litigation privilege, which protects communications made in the course of judicial proceedings. They contend Allstate should be precluded from disputing the litigation privilege applies because Allstate lost a case in California making similar allegations. Alternatively, the defendants argue federal witness immunity bars Allstate's claims because by Allstate's own theory, the defendants knew they would be witnesses in the patients' civil lawsuits.

Allstate responds that the state litigation privilege does not apply to its federal Racketeer Influenced and Corrupt Organizations (RICO) claims, and, in any event, neither that privilege nor

federal witness immunity applies to the defendants' alleged fabrication of medical and billing records. Allstate moves for sanctions under Federal Rule of Civil Procedure 11, asserting that the law is clear on these points, so the defendants' motion for summary judgment is frivolous.

I deny the motion for summary judgment because the state litigation privilege and federal witness immunity do not apply to the defendants' alleged non-testimonial acts of falsifying medical treatment and billing records. I grant the motion for Rule 11 sanctions.

**I. MOTION FOR SUMMARY JUDGMENT (ECF No. 183)**

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Issue Preclusion**

The defendants argue that issue preclusion bars Allstate from disputing that the litigation privilege applies to the claims in this case. The defendants rely on the California Court of Appeals' decision in *People, ex. rel., Allstate Ins. Co. v. Berg*, Case No. A139054, 2016 WL 661736 (Cal. Ct. App. Feb. 18, 2016). In that case, Allstate made similar allegations that a group of doctors and lawyers conspired to submit inflated medical bills for unnecessary procedures as part of settlement demands to extract higher settlements from insurers. *Berg*, 2016 WL 661736, at

*1. Allstate responds that issue preclusion does not apply because *Berg* and this case do not involve the same issues.

I "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (quotation omitted). I therefore look to California law. Under California law, "issue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." *DKN Holdings LLC v. Faerber*, 352 P.3d 378, 387 (Cal. 2015).

Issue preclusion does not apply because Allstate is not litigating the same issue in this case that was decided in *Berg*. The *Berg* case involved the application of California's litigation privilege, not Nevada's. 2016 WL 661736, at *7. Further, *Berg* addressed application of the litigation privilege to the attorney's acts of sending settlement demand letters. *Id.* at *7, 9 ("Here, the gravamen of Allstate's case against Berg is that Berg committed insurance fraud through the sending of prelitigation demand letters."). *Berg* did not address the issue in this case: whether Nevada's litigation privilege would apply to treating physicians who allegedly falsify treatment and billing records that are later submitted to an insurer as part of a settlement demand. I therefore deny the defendants' motion based on issue preclusion.

**B. Nevada's Litigation Privilege**

The defendants contend that Nevada's litigation privilege bars Allstate's claims because those claims are based on the defendants' conduct in their roles as fact and expert witnesses in contemplated litigation between the injured parties and Allstate. Allstate responds that Nevada's litigation privilege does not apply to the federal RICO claims. It also argues that Nevada would not apply the litigation privilege to the pre-trial fabrication of evidence, such as treating physicians falsifying medical records and bills as alleged here.

Under Nevada law, "communications uttered or published in the course of judicial proceedings are absolutely privileged, rendering those who made the communications immune

from civil liability." *Greenberg Traurig v. Frias Holding Co.*, 331 P.3d 901, 903 (Nev. 2014) (en banc) (quotation omitted). It is an absolute privilege that "bars any civil litigation based on the underlying communication." *Hampe v. Foote*, 47 P.3d 438, 440 (Nev. 2002), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008).

The privilege's scope is "quite broad." *Fink v. Oshins*, 49 P.3d 640, 644 (Nev. 2002). It "applies not only to communications made during actual judicial proceedings, but also to communications preliminary to a proposed judicial proceeding." *Id.* at 433 (quotation omitted). And it applies to both communications and "conduct occurring during the litigation process." *Bullivant Houser Bailey PC v. Eighth Judicial Dist. Court of State ex rel. Cty. of Clark*, 381 P.3d 597, 2012 WL 1117467, at *3 (Nev. 2012) (unpublished) (emphasis omitted). Whether the privilege applies is a question for the court. *Fink*, 49 P.3d at 643-44.

To determine whether the privilege applies, Nevada employs a functional approach. *Harrison v. Roitman*, 362 P.3d 1138, 1140 (Nev. 2015) (en banc). "The functional approach is made up of three separate inquiries." *Id.* First, the court asks "whether the [person seeking immunity] performed functions sufficiently comparable to those of [persons] who have traditionally been afforded absolute immunity at common law." *Id.* (quotation omitted). Second, it considers "whether the likelihood of harassment or intimidation by personal liability [is] sufficiently great to interfere with the [person's] performance of his or her duties." *Id.* (quotation omitted). Finally, it asks "whether procedural safeguards exist in the system that would adequately protect against [illegitimate] conduct by the [person seeking immunity]." *Id.* (quotation omitted).

However, the Supreme Court of Nevada's "application of absolute immunity has limitations." *Id.* at 1143 n.6. Court-appointed and party-retained experts are entitled to absolute immunity under the litigation privilege for claims based on the expert's statements made during judicial proceedings. *Id.* at 1143-44. But the Supreme Court of Nevada's "adoption of the doctrine does not protect an expert's fraudulent acts." *Id.* at 1143 n.6 (citing *Alioto v. City of*

*Shively*, 835 F.2d 1173, 1174 n.1 (6th Cir.1987) ("[T]he doctrine of witness immunity does not shield from liability alleged conspiracies to falsify nontestimonial evidence.")).

Nevada's litigation privilege does not shield the defendants from Allstate's claims in this case. Allstate alleges the defendants falsified their medical and billing records. The Supreme Court of Nevada has stated that its privilege does not apply to an expert's fraudulent acts and that falsification of non-testimonial evidence is not protected. This is consistent with Nevada's functional approach because the defendants were not acting as witnesses or potential witnesses when they created the medical and billing records. Rather, they were acting as physicians treating patients, documenting that treatment, and preparing bills to charge for their services. The defendants' knowledge that those records would later be used in a judicial proceeding does not transform this conduct into witness testimony. I therefore deny the defendants' motion for summary judgment based on Nevada's litigation privilege.[1]

**C. Federal Witness Immunity**

Under federal law, witnesses "are absolutely immune from liability for testimony at trial." *Lisker v. City of Los Angeles*, 780 F.3d 1237, 1241 (9th Cir. 2015). "Absolute witness immunity also extends to preparatory activities inextricably tied to testimony, such as conspiracies to testify falsely." *Id.* (quotation omitted).

However, like Nevada's litigation privilege, this immunity "is not limitless." *Paine v. City of Lompoc*, 265 F.3d 975, 981 (9th Cir. 2001). Witness immunity "does not shield an out-of-court, pretrial conspiracy to engage in non-testimonial acts such as fabricating or suppressing physical or documentary evidence or suppressing the identities of potential witnesses." *Id.* at 983; *see also Cunningham v. Gates*, 229 F.3d 1271, 1291 (9th Cir. 2000), *as amended* (Oct. 31, 2000) ("Obviously, testimonial immunity does not encompass non-testimonial acts such as fabricating

---

[1] Even if Nevada's litigation privilege applied, it would not bar Allstate's federal RICO claims. *See Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n.10 (9th Cir. 1992); Fed. R. Evid. 501 ("The common law—as interpreted by United States courts in the light of reason and experience—governs a claim of privilege . . . [b]ut in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.").

evidence."). "If a potential witness does happen to be involved [in fabricating evidence], there is no reason that participation should be insulated from liability simply because of his dual roles as witness and fabricator (although the potential witness of course retains his absolute immunity as to his own testimony in court)." *Paine*, 265 F.3d at 982.

Federal witness immunity does not bar Allstate's claims because Allstate alleges the defendants fabricated evidence by falsifying their medical and billing records. Although related to the defendants' anticipated testimony, these records exist independently of that testimony. They are documentation of the physician's treatment of his or her patient and the amount charged for those services. As such, they are evidence of the injured parties' damages. The alleged fabrication of that evidence is not protected by witness immunity, even though the doctors later would testify consistent with what those records purport to show. I therefore deny the defendants' motion for summary judgment based on federal witness immunity.

### III. RULE 11 MOTION (ECF No. 263)

Allstate moves for Rule 11 sanctions against the defendants and their attorneys for filing a legally frivolous motion for summary judgment. The defendants respond that their motion was supported by case law, and they request fees for having to respond to the Rule 11 motion.

An attorney[2] is subject to Rule 11 sanctions "when he presents to the court 'claims, defenses, and other legal contentions . . . [not] warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]" *Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005) (quoting Fed. R. Civ. P. 11(b)(2)). Whether an attorney has complied with this obligation is measured under "an objective standard of reasonableness under the circumstances." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986) (quotation omitted); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 47 (1991) ("Rule 11 . . . imposes an objective standard of reasonable inquiry

---

[2] Allstate moves for sanctions against defendants and their counsel, but Allstate's arguments as to why sanctions should issue are based on legal frivolity. Under Rule 11(c)(5)(A), a represented party may not be sanctioned for violating Rule 11(b)(2). I therefore deny Allstate's motion for Rule 11 sanctions against the defendants.

which does not mandate a finding of bad faith."). Thus, "[i]f, judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time that the position is adopted, then sanctions should not be imposed." *Golden Eagle Distrib. Corp.*, 801 F.2d at 1538.

Rule 11 sanctions raise "two competing concerns: the desire to avoid abusive use of the judicial process and to avoid chilling zealous advocacy." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1159-60 (9th Cir. 1987); *see also Golden Eagle Distrib. Corp.*, 801 F.2d at 1540 (stating the rule "is not intended to chill an attorney's enthusiasm or creativity . . . ." (quotation omitted)). "[T]he line between these equally important concerns is necessarily vague, . . . particularly when deciding where to stake out the boundary between permissible and impermissible arguments for extensions of the law." *Hudson*, 836 F.2d at 1160 (quotation and internal citation omitted).

If I determine Rule 11(b) has been violated, I "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." *Id.*

Whether to impose sanctions and what sanctions to impose lie within my discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990). If I impose sanctions, I must limit the award "to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Sanctions "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." *Id.*; *see also* Fed. R. Civ. P. 11(c)(2). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996) (quotation omitted).

Allstate raises three arguments as to why sanctions should issue. Two are easily resolved. First, Allstate contends defense counsel failed to advise the court that Nevada's litigation privilege had no application to Allstate's federal RICO claims. However, the motion for

summary judgment did not specifically make that argument and defense counsel admitted in the reply brief that the summary judgment motion was based on the litigation privilege for the state law claims and federal witness immunity for the federal claims. *See* ECF Nos. 183, 213. This is not sanctionable.

Second, Allstate argues defense counsel inaccurately described the law surrounding the Seventh Circuit's decision in *Buckley v. Fitzsimons*, 919 F.2d 1230 (7th Cir. 1991), that was subsequently overruled by the Supreme Court in *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). However, the parties' respective discussions about *Buckley*'s significance reflect normal advocacy. The defendants cited the case for the propositions they thought were important regarding witness immunity (as opposed to absolute prosecutorial immunity), while Allstate focused on the aspect it believed was important (fabrication of evidence is not entitled to absolute prosecutorial immunity). This is not sanctionable.

Allstate's third argument is the most challenging to resolve. Allstate contends defense counsel violated Rule 11 because the law is established that federal witness immunity does not apply to a witness's fabrication of evidence.[3]

It was objectively unreasonable to argue that federal witness immunity extended to the allegations Allstate makes against the defendants. The Ninth Circuit has repeatedly held that witness immunity does not apply to claims based on fabrication of evidence, even if the fabricator is also a witness. Despite being confronted with this case law, defense counsel persisted in their position without ever distinguishing these cases. Indeed, defense counsel never cite to *Paine* or *Cunningham*, including in response to the second safe harbor letter or the Rule 11 motion. *See* ECF Nos. 247; 263-1 at 17-18; 273.

---

[3] Allstate did not mention in its Rule 11 motion that the Nevada litigation privilege similarly would not apply to this type of conduct and the motion does not cite *Roitman*. I therefore do not consider Rule 11 sanctions based on defense counsel's arguments related to the Nevada litigation privilege.

Unnecessary motions like this consume a great deal of this court's resources. Our district is significantly backlogged with meritorious motions. The delays caused by needless motions only exacerbates the problem.[4]

I therefore grant the motion for Rule 11 sanctions. I note that although Allstate argues the law is clear based on cases like *Paine* and *Cunningham*, Allstate did not cite to any of these cases in its initial opposition to the summary judgment motion or in its initial Rule 11 safe harbor letter. ECF Nos. 185; 213-3. It is appropriate to sanction defense counsel for their conduct only after confronted with a safe harbor letter identifying the Ninth Circuit law that made their motion untenable. Nevertheless, I exercise my discretion not to award Allstate any attorney's fees as it requests. I must limit the award "to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). The Rule 11 violation here was not so extreme as to justify monetary sanctions. Hopefully, by calling out this conduct I have sufficiently deterred counsel from filing such unnecessary motions in the future.

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that the motion for summary judgment **(ECF No. 183) is DENIED**.

IT IS FURTHER ORDERED that the motion for leave to file a supplemental response **(ECF No. 230) is GRANTED**.

IT IS FURTHER ORDERED that the motion for Rule 11 sanctions **(ECF No. 263) is DENIED IN PART AND GRANTED IN PART** as set forth above.

DATED this 18th day of June, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[4] Indeed, the defendants' motion for summary judgment has been fully briefed for nearly six months.