DYLAN P. TODD
Nevada Bar No. 10456
TODD W. BAXTER
Admitted Pro Hac Vice
McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
8337 West Sunset Road, Suite 350
Las Vegas, Nevada 89113
Telephone: (702) 949-1100
Facsimile: (702) 949-1101
*dylan.todd@mccormickbarstow.com*
*todd.baxter@mccormickbarstow.com*

ERON Z. CANNON
Nevada Bar No. 8013
FAIN ANDERSON VANDERHOEF
ROSENDAHL O'HALLORAN SPILLANE PLLC
701 5th Avenue #4750
Seattle, Washington 98104
Telephone: (206) 749-0094
Facsimile: (206) 749-0194
*eron@favros.com*

Attorneys for Plaintiffs/Counterdefendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*\*

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, and ALLSTATE FIRE & CASUALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>RUSSELL J. SHAH, MD, DIPTI R. SHAH, MD, RUSSELL J. SHAH, MD, LTD., DIPTI R. SHAH, MD, LTD., and RADAR MEDICAL GROUP, LLP dba UNIVERSITY URGENT CARE, DOES 1-100, and ROES 101-200,<br><br>Defendants.<br><br>AND RELATED CLAIMS | CASE NO. 2:15-cv-01786-APG-CWH<br><br>**PROPOSED ORDER DENYING NON-PARTY HENNESS & HAIGHT'S MOTION TO QUASH SUBPOENA SEEKING THE PRODUCTION OF DOCUMENTS** |

Presently before the Court is a motion to quash subpoena to produce documents by non-party law firm Henness & Haight ("HH") filed on April 13, 2018. (ECF No. 275) Plaintiffs filed a response to the motion on April 27, 2018 (ECF No. 281), and HH's reply was filed on May 4, 2018. (ECF. No. 279)

Plaintiffs served HH with a subpoena pursuant to F.R.C.P. 45 for the production of documents regarding communications and payments made by and between HH and the Defendants during HH's representation of several parties in personal injury claims for which Plaintiffs paid a settlement on behalf of Plaintiffs' insured. HH objected to the subpoena and moved to quash on grounds that: 1) under F.R.C.P. 26(b)(2)(C) Plaintiffs had ample opportunity to seek the requested information in the in the previous personal injury actions and in this action from the named Defendants; 2) the information requested is duplicative; 3) under F.R.C.P. 45, the subpoena requests protected confidential client information; and 4) the protected information is also a trade secret or confidential commercial communications. HH also argues that the subpoena is deficient pursuant to Local Rule IA 11-1(b). Plaintiffs respond that the requested information is proper under F.R.C.P. 26, and that HH's arguments on duplicity and ample opportunity do not apply. Plaintiffs contend that HH has failed to demonstrate the required showing for protection under trade secret or confidential commercial communications, and that all objections based on confidentiality can be addressed by including HH as a party to the existing protective order. Lastly, Plaintiffs contend that they have substantially complied with Local Rule IA 11-1(b). The Court will address these arguments in order.

F.R.C.P. 26 (b)(10) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." The information requested by Plaintiffs is both relevant and proportional to the needs of this case, as it involves claims of RICO violations, misrepresentation and fraud where the amount of claimed damages by all parties is very high. A Court must quash or modify a subpoena that requires disclosure of protected matter, Fed. R. Civ. P. 45(d)(3)(A)(iv); and may quash or modify a subpoena that requires disclosure of commercial information, Fed. R. Civ. P. 45(d)(3)(B)(i). However, courts should also consider other factors in deciding motions to quash or modify a subpoena, including the breadth or

McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

2   2:15-cv-01786-APG-CWH
**PROPOSED ORDER DENYING NON-PARTY HENNESS & HAIGHT'S MOTION TO QUASH SUBPOENA SEEKING THE PRODUCTION OF DOCUMENTS**

specificity of the discovery request, and the relevance of the requested information. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

### A. <u>Confidential Commercial Information and Trade Secrets</u>

HH claims that the manner in which it communicates with medical providers and negotiates reductions in bills in the "highly competitive industry" of personal injury lawsuits is trade secret and/or confidential commercial information under Rule 45(d)(3)(B)(i). "Confidential commercial information is information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained." *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 697 (D. Nev. 1994). The person asserting confidentiality has the burden of showing that the privilege applies to a given set of documents. F.R.C.P. 45(d); *see also In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir.1992). Furthermore, a party must "demonstrate by competent evidence" that the information it is seeking to protect is a trade secret, which would be harmful if disclosed. *Upjohn Co. v. Hygieia Biological Labs.*, 151 F.R.D. 355, 358 (E.D. Cal. 1993).

HH has failed to meet its burden to provide a particularized showing of exactly how the requested information falls within the confidential commercial communication or trade secret protection. Furthermore, the information requested is not being disclosed to a competitor, and there has been no evidence or argument to support a claim that economic harm would result from the production of the requested information. Therefore, HH's objection on the grounds of confidential commercial information and trade secret is overruled.

### B. <u>Ample Opportunity</u>

Next, HH's argument that Plaintiffs had ample opportunity to obtain the information in prior lawsuits in unpersuasive. F.R.C.P. 26 (b)(2)(C)(ii) states the Court must limit the extent of discovery where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." The prior litigations to which HH is referring are personal injury actions where Plaintiffs were not a party. Those litigations took place years before this action, and did not involve the claims and causes of action contained in the instant lawsuit. Moreover, some of the requested information comes from claims where no litigation ensued. Plaintiff cannot be said to have had ample

**PROPOSED ORDER DENYING NON-PARTY HENNESS & HAIGHT'S MOTION TO QUASH SUBPOENA SEEKING THE PRODUCTION OF DOCUMENTS**

opportunity to obtain this discovery pursuant to F.R.C.P. 26 (b)(2)(C)(ii). Therefore, HH's objection on these grounds is overruled.

### C. Duplicative Documents

The Court's decision also applies to HH's position that Plaintiffs could have obtained the information directly from Defendants. A party is permitted to obtain documents from a non-party under F.R.C.P. 45, even if the subpoena requests documents that are similar or identical to those previously sought from a party in the action. *See, Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 697 (D. Nev. 1994). While there is the possibility that some of the documents produced might be duplicative, the subpoena is directed towards a non-party that is a separate business entity from the Defendants. It is entirely possible that the files kept by these separate entities may not be identical. Therefore, the objection that the documents requested would be duplicative is overruled.

### D. Local Rule 11-1(b)

The Court also finds that Plaintiffs have substantially complied with Local Rule 11-1(b) regarding the notice of association of counsel for attorney Eron Cannon. Mr. Cannon filed his association of counsel on February 16, 2016, which identified the local counsel with whom he was associating. Mr. Cannon is properly admitted to practice in this Court.

### E. Confidential Client Information

Lastly, the Court addresses HH's objection that the subpoena requests protected and confidential client information because it discusses client medical treatment. On May 19, 2016, Plaintiffs and Defendants entered into a stipulated confidentiality and protective order relating to the disclosure of confidential and protected information. (ECF No. 38). The order addressed the sensitive nature of medical records and communications under HIPAA, as well as the dissemination of other potentially protected or private information relating to a claimant, such as those indicated in Plaintiff's subpoena, and other identified claimants similarly situated. The stipulated confidentiality and protective order was entered into by Plaintiffs and Defendants only, and was approved by this Court on May 20, 2016. (ECF No. 39). While HH was not an original party to this protective order, the Court finds that extending the protections and scope of the order to HH would address any concerns

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

4     2:15-cv-01786-APG-CWH

**PROPOSED ORDER DENYING NON-PARTY HENNESS & HAIGHT'S MOTION TO QUASH SUBPOENA SEEKING THE PRODUCTION OF DOCUMENTS**

regarding the disclosure of confidential or protected in formation in its Motion to Quash. (ECF No. 270).

Therefore, IT IS HEREBY ORDERED that the Motion to Quash (EFC No. 270) is DENIED. IT IS FURTHER ORDERED that the confidentiality and protective order approved by the Court and filed on May 20, 2016, (ECF No. 39), and all the safeguards and protections contained therein shall apply to HH and to any documents subject to HIPAA or other confidentiality or privacy concerns produced in response to the subpoena issued by Plaintiffs. HH is hereby ordered to comply with Plaintiffs' subpoena issued pursuant to F.R.C.P. 45 and shall produce the requested information and documentation. HH shall have ten (10) days from the date of this order to comply with the subpoena.

IT IS SO ORDERED.

DATED this __20__ day of June, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted:

McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP


By__*/s/ Dylan Todd*_____
   DYLAN P. TODD, ESQ.
   TODD W. BAXTER, ESQ.
   *Admitted Pro Hac Vice*
   8337 West Sunset Road, Suite 350
   Las Vegas, NV 89113
   Telephone:(702) 949-1100
   Facsimile: (702) 949-1101
   Attorneys for Plaintiffs/Counterdefendants

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 W. SUNSET RD, SUITE 350
LAS VEGAS, NV 89113

5    2:15-cv-01786-APG-CWH
**PROPOSED ORDER DENYING NON-PARTY HENNESS & HAIGHT'S MOTION TO QUASH SUBPOENA SEEKING THE PRODUCTION OF DOCUMENTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2018, a true and correct copy of **PROPOSED ORDER DENYING NON-PARTY HENNESS & HAIGHT'S MOTION TO QUASH SUBPOENA SEEKING THE PRODUCTION OF DOCUMENTS** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

| | |
|---|---|
| Dennis L. Kennedy, Esq.<br>Joseph A. Liebman, Esq.<br>Joshua P. Gilmore, Esq.<br>BAILEY KENNEDY<br>8984 Spanish Ridge Avenue<br>Las Vegas, NV 89148<br>*Attorneys for Defendants* | Michael D. Haight, Esq.<br>Shawn L. Walkenshaw, Esq.<br>HENNESS & HAIGHT<br>8972 Spanish Ridge Avenue<br>Las Vegas, NV 89148<br>*Attorneys for Non-Party Henness & Haight* |

By */s/ Tricia A. Dorner*
Tricia A. Dorner, an Employee of
MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP

03246-01559 5186755.1