**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Allstate Insurance Company, et al., | Case No. 2:15-cv-01786-APG-DJA |
| Plaintiffs, | |
| v. | **Order** |
| Russel J. Shah, et al., | |
| Defendants. | |

Back in 2015, Allstate Insurance Company, Allstate Property & Casualty Insurance Company, Allstate Indemnity Company, and Allstate Fire & Casualty Insurance Company (the "Allstate Parties") sued Dr. Russel Shah, M.D.; Dr. Dipti R. Shah, M.D.; Russel J. Shah, MD, Ltd.; Dipti R. Shah MD, Ltd.; and Radar Medical Group, LLP d/b/a University Urgent Care (the "Radar Parties"), alleging, in part, that the Radar Parties had fraudulently overbilled the Allstate Parties.  (ECF No. 1).  After exchanging initial expert reports and rebuttal expert reports, the Allstate Parties submitted a rebuttal-to-a-rebuttal report—or "reply" report—which the Radar Parties move to strike.  Because the Court finds that the reply report is partially proper and partially improper, it grants the Radar Parties' motion to strike in part. The Court finds these matters properly resolved without a hearing.  LR 78-1.

**I.      Background.**

   *A.      Both parties' motions to seal.*

      In filing the motion, response, and reply involved in this Order, the parties have separately moved to seal redacted versions of their motions and exhibits to those motions.  The Radar Parties moved to file their unredacted motion to strike and exhibits to that motion under seal (ECF No. 402).  The Radar Parties explain that the exhibits are protected under a stipulated protective order because they discuss the medical information of non-parties and that portions of the motion

1     reference those exhibits.  The Radar Parties also request leave to redact the motion they will file

2     on the docket not under seal.

3          The Allstate Parties moved to seal their response to that motion under seal (ECF No. 416).

4     The Allstate Parties explain that their response cites and quotes expert opinions protected under

5     the stipulated protective order.  The Allstate Parties assert that their response references the same

6     opinions that the Radar Parties protected as medical information of third parties.

7          The Radar Parties then moved to file their reply and its exhibits under seal (ECF No.

8     420).  The Radar Parties reassert their reasons for confidentiality contained in their motion to seal

9     their motion to strike and again request to file a version of their reply redacted.  Neither side has

10    opposed the others' motions to seal.

11    ## B.     The Radar Parties' motion to strike.

12         The crux of the Radar Parties' motion to strike is that, after the parties exchanged initial

13    expert reports and rebuttal expert reports, the Allstate Parties unexpectedly submitted another

14    report by initial expert Dr. Peter Grant.  Dr. Grant's additional report addressed opinions by the

15    Radar Parties' rebuttal experts: Dr. Christina Melnykovych and Dr. Gary L. Stanton.  Dr.

16    Melnykovych and Dr. Stanton had criticized Dr. Grant's initial expert report in their rebuttal

17    reports.  Dr. Grant addressed these criticisms in what the Allstate Parties' attorneys have

18    alternatively characterized in their meet and confer letter as a "supplemental report" and now, in

19    motions as a "reply report."

20         In their motion (redacted version at ECF No. 403 and unredacted version filed under seal

21    at ECF No. 406), the Radar Parties accuse the Allstate Parties of throwing their financial weight

22    around by pretending to "supplement" Dr. Grant's report, but really only "rebutting the rebuttals"

23    of Dr. Melnykovych and Dr. Stanton.  The Radar Parties assert that, not only was the supplement

24    untimely, but it was also outside the bounds of Rule 26(e), which only allows parties to

25    supplement to fix incorrect or incomplete reports based on information that was not available at

26    the time of the initial disclosure.

27         The Allstate Parties respond (filed under seal at ECF No. 417) that Dr. Grant's new report

28    was not a supplement, but a reply.  Thus, the requirements under Rule 26(e) do not apply to it.

1   Dr. Grant's new report, according to the Allstate Parties, did not change his opinion or the basis

2   for it, but was properly "focused at attacking the rebuttal reports" of Dr. Melnykovych and Dr.

3   Stanton.  Should the Court nonetheless find Dr. Grant's new report to violate Rule 26, the Allstate

4   Parties argue that it was substantially justified and harmless.

5          The Radar Parties reply (redacted version at ECF No. 421 and unredacted version filed

6   under seal at ECF No. 422), that the Allstate Parties have suddenly shifted their classification of

7   Dr. Grant's new report to shoehorn it into a "reply," even after themselves calling it a

8   "supplement."  The Radar Parties argue that, even if the report is a reply, the Allstate Parties

9   could not have submitted it before stipulating to it or seeking the Court's leave.  But even if they

10  had, the reply is full of new opinions inconsistent with a reply.  Asserting that the report—

11  regardless of classification—violated Rule 26, the Radar Parties explain that the Allstate parties

12  had no justification for submitting it and that the report has harmed the Radar Parties by giving

13  the Allstate Parties an upper hand financially and strategically.

14  **II.    Discussion.**

15         *A.  The Court grants the parties' motions to seal.*

16         A party seeking to file a confidential document under seal must file a motion to seal and

17  must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*,

18  447 F.3d 1172 (9th Cir. 2006) and *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d

19  1092, 1097 (9th Cir. 2016).  A party seeking to seal judicial records bears the burden of meeting

20  the "compelling reasons" standard, as articulated in *Kamakana*. *See Kamakana*, 447 F.3d at

21  1183.  Under that standard, "a court may seal records only when it finds 'a compelling reason and

22  articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for*

23  *Auto Safety*, 809 F.3d at 1097. (quoting *Kamakana*, 447 F.3d at 1179).  "The court recognizes that

24  the need to protect medical privacy has qualified as a 'compelling reason' for sealing records in

25  connection with a dispositive motion." *Williams v. Nevada Dep't of Corrections*, No. 2:13-cv-

26  941-JAD-VCF, 2014 WL 3734287, at *1 (D. Nev. July 29, 2014).  Additionally, the failure of an

27  opposing party to file points and authorities in response to any motion constitutes a consent to

28  granting of the motion.  LR 7-2(d).

Here, the Court grants both parties' motions to seal because neither side has responded to the other side's motions and because the parties seek to seal non-party medical information to comply with a protective order.  The parties explain that the exhibits and portions of the motions they seek to seal or redact "discuss the medical information concerning non-parties."  (ECF No. 402).  The parties also explain that it is seeking to file these motions and exhibits under seal to comply with the parties' protective order (ECF No. 39).  Because the parties have established a compelling reason to seal—to protect medical privacy and comply with the parties' protective order—and because both sides have consented to the motions by not responding, the Court grants the motions.

### B.      The Court grants the Radar Parties' motion to strike in part.

A party must disclose the identity of any expert witness it intends to use at trial.  Fed. R. Civ. P. 26(a)(2)(A).  The party must also provide a written report of the expert.  Fed. R. Civ. P. 26(a)(2)(B).  Parties must disclose their experts at the times and in the sequence that the Court orders.  Fed. R. Civ. P. 26(a)(2)(D).  Under Rule 37(c)(1), if a party fails to identify a witness as required under Rule 26, that party is not allowed to use that witness unless the failure was "substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).

The rules do not, however, discuss whether a party may reply to rebuttal reports or whether a party needs to seek leave to do so.   However, not all courts "interpret this silence" as prohibiting a sur-rebuttal—or reply—in all instances.  *See Canyon Estates Condominium Association v. Atain Specialty Insurance Company*, No. 2:18-cv-01761-RAJ, 2020 WL 3048016, at *1 (W.D. Wash. June 8, 2020).  This district has allowed for reply reports using this logic.  *See Freteluco v. Smith's Food and Drug Centers*, No. 2:19-cv-00759-JCM-EJY (ECF No. 76) (D. Nev. June 28, 2021).

Here, the Court does not find that Dr. Grant's reply report is inadmissible only by virtue of being a reply report.  Although the Court does not look favorably on the Allstate Parties' wavering definition of Dr. Grant's report, it nonetheless finds that the report is properly classified as a reply, or "sur-rebuttal."  Dr. Grant's report also does not break any of the Federal Rules of Civil Procedure.  The Allstate Parties disclosed Dr. Grant's identity and provided his written

1   report in the proper sequence.  Although they added a step to that sequence by producing a reply

2   report, the Court will not interpret the Rules' silence on this issue by excluding the report entirely.

3   Rather, the Court will consider whether the report was timely and whether its contents are

4   admissible.  Because the Court finds that the report was timely, but that certain of its contents are

5   improper, it grants the Radar Parties' motion to strike in part.

6                           1.      Dr. Grant's reply report was timely.

7           The Federal Rules of Civil Procedure do not contemplate the timing of reply reports.

8   They do, however, provide that supplemental reports must be disclosed " by the time the party's

9   pretrial disclosures under Rule 26(a)(3) are due," or 30 days prior to trial, unless otherwise

10  ordered by the Court.  *United States v. 400 Acres of Land*, No. 2:15-cv-01743-MMD-NJK, 2018

11  U.S. Dist. LEXIS 145236, at *4 (D. Nev. Aug. 27, 2018).  Courts may exclude an expert report

12  provided before the time for pretrial disclosures when the disclosing party engaged in

13  sandbagging or other improper conduct.  *Silvagni v. Wal-Mart Stores, Inc.*, No. 2:16-cv-0039-

14  JCM-NJK, 2017 WL 4891521, at *2 (D. Nev. Oct. 30, 2017).  When deciding whether an

15  untimely report was "harmless" under Rule 37, this Court has decided that "[h]armlessness may

16  be established if a disclosure is made sufficiently before the discovery cutoff to enable the movant

17  to depose the expert and challenge his expert report."  *400 Acres of Land*, 2018 U.S. Dist. LEXIS

18  145236, at *4 (citing *Pacific Indemnity Co. v. Nidec Motor Corp.*, 203 F. Supp. 3d 1092, 1097

19  (D. Nev. 2016)).

20          Here, although Dr. Grant's report is more accurately characterized as a reply, the theories

21  underlying the timeframes applicable to supplemental reports are persuasive.  Dr. Grant's report

22  is timely because the Allstate Parties disclosed it well before the pretrial report was due and

23  before trial has even been scheduled.  The Court is also not convinced that the Allstate Parties

24  have engaged in sandbagging by producing this report.  Moreover, even if the report was

25  untimely, it was harmless.  The Radar Parties have yet to depose Dr. Grant and can challenge his

26  reply report in that deposition.

27

28

1

2

        2.      <u>Although it would have been best for the Allstate Parties to agree with the Radar Parties or seek leave from the Court before submitting Dr. Grant's reply report, the Court will not exclude the report on these grounds alone.</u>

3

4

      Although certain courts have required parties to seek leave of court to file a reply report,

5

the procedure of seeking leave is not dispositive. *See Louisiana Health Care Self Ins. Fund v.*

6

*U.S.*, Civil Action No. 12-7660-JJB-RLB, 2014 WL 3720526, at *1-2 (M.D. La. July 25, 2014).

7

Because the Federal Rules of Civil Procedure do not provide authority for reply reports, certain

8

courts have required parties to seek leave to file reply expert reports. *See Coward v. Forestar*

9

*Realty, Inc.*, 282 F. Supp. 3d 1317, 1331 (N.D. Ga. 2017); *see Louisiana Health Care Self Ins.*

10

*Fund*, 2014 WL 3720526, at *1-2.  In *Louisiana Health Care*, a party opposing a reply report did

11

not challenge the contents or prejudice of the report, only that the party submitting the report did

12

not seek leave of the court. *See Louisiana Health Care Self. Ins. Fund*, 2014 WL 3720526, at *1-

13

2.  The court declined to decide whether the report was proper on this issue alone, instead

14

deciding whether the report had caused the party opposing it any prejudice. *See id.*  Because the

15

party opposing the report had an opportunity to depose the replying expert before and after the

16

reply and because the party deposed the expert "extensively" about the reply, the court denied the

opposing party's motion to strike. *See id.*

17

18

      Here, although the Radar Parties ask the Court to strike Dr. Grant's report for his failure to

19

seek leave before submitting it, the Court declines to decide this issue on procedure alone.  Even

20

though the party opposing the report in *Louisiana Health Care* only argued procedure, the court

21

still decided the issue on prejudice.  Here, the Radar Parties have argued prejudice and objected to

22

the contents of Dr. Grant's reports.  Consistent with the *Louisiana Health Care* court's reasoning,

23

here, the contents of the report and prejudice it may cause are more appropriate grounds to decide

24

whether to strike the report.  Rule 26 and Rule 37 provide more clear guidelines that the court

25

may follow in determining whether the report prejudices the Radar Parties or whether its contents

26

are appropriate.  But the Rules do not provide any guidelines on whether a party needs to obtain

leave of court to file a reply report.  The Court will not decide the issue on these grounds.

27

28

3.   <u>Dr. Grant's reply report is admissible, but the Court strikes portions that constitute new evidence.</u>

Courts in this district have cited *Kleen Products* for the proposition that, under Rule 26(a)(2)(D)(ii), an expert report "may not advance new arguments for the first time in a reply expert report." *See Freteluco v. Smith's Food and Drug Centers*, No. 2:19-cv-00759-JCM-EJY, 2021 WL 183321, at \*5 (D. Nev. Jan. 19, 2021) (quoting *Kleen Prods. LLC v. Int'l Paper*, 306 F.R.D. 585, 591 (N.D. Ill. 2015)).  "Such reports may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert.'" *Id.* (quoting *Helios Software, LLC v. SpectorSoft Corp.*, Case No. 12-081-LPS, 2014 WL 4796111, at \*3 (D. Del. Sept. 18, 2014)).  Although the *Freteluco* decision applied this logic to a supplemental report—rather than a reply report—other courts have applied the logic of Rule 26 to reply reports.  *See Sloan Valve Co. v. Zurn Indus.*, No. 10 C 204, 2013 WL 3147349, at \*2-4 (N.D. Ill. June 19, 2013); *see Kleen Prods. LLC*, 306 F.R.D. at 591-92.

Applying the logic of Rule 26's restrictions governing rebuttal and supplemental reports to replies, courts have allowed reply reports that do not present new opinions.  *See Sloan Valve Co.*, 2013 WL 3147349, at \*2-4; *see Kleen Prods. LLC*, 306 F.R.D. at 591-92.  In *Sloan Valve Co.*, the court addressed each opinion in a reply report that the objecting party argued contained a new opinion.  *See Sloan Valve Co.*, 2013 WL 3147349, at \*2-4.  One opinion was based on unweighted ratios that the replying expert had included in his initial report but did not use as the basis for his analysis.  *See id.*  In his reply report, responding to criticism that he did not use the unweighted ratios, the expert analyzed the unweighted ratios to show that "whether one uses weighted or unweighted averages" would not change the ultimate opinion.  *See id.*  Because the expert included did not "offer a new opinion [or] chang[e] the basis for the calculation…[t]his calculation is responsive to the criticism and proper…" *Id.*  However, the court struck the expert's use of a new schedule of data in his analysis.  *See id.*  The expert had not included the schedule of data in his original analysis, even though he likely had access to it, but added it to conduct an alternative calculation for his opinion.  *See id.*  The court found this schedule to be a "new opinion regarding damages and thus not appropriate for the Reply Report." *Id.*

1    Here, the Court grants the Radar Parties' motion to strike in part.  In their reply, the Radar

2    Parties point to eleven portions of Dr. Grant's report that they believe raise new opinions.  (ECF

3    No. 422 at 9-11).  Having reviewed these eleven portions of Dr. Grant's report, the Court finds

4    that most of the portions the Radar Parties point out do not contain new opinions or data, but

5    directly address Dr. Melnykovych and Dr. Stanton's.   To the extent that the Radar Parties believe

6    that Dr. Grant has contradicted himself or added discussions with which they do not agree, the

7    Radar Parties may challenge these items at Dr. Grant's deposition.

8    The Court does, however, find that Dr. Grant improperly offered new opinions based on

9    new data in the following portions of his report: (1) Dr. Grant's opinion discussing the additional

10   cataloguing of sensory studies not provided in the original report (ECF No. 407-4 at 52-53); and

11   (2) Dr. Grant's opinion discussing "73 examples of proximal CMAP abnormalities in Dr. Shah's

12   study" that were not included in his original report (ECF No. 407-4 at 63-66).  These sensory

13   studies and examples of proximal CMAP abnormalities appear to have been available to Dr.

14   Grant for his initial report.  (ECF No. 407-4 at 52-53, 63-66).  But he did not create a catalogue of

15   the Hz interference he saw in the sensory studies and chose not to present the 73 examples of

16   CMAP abnormalities in his original report.  *See id.*  Moreover, he explains that Dr. Stanton did

17   not mention the Hz interference in his rebuttal.  (ECF No. 407-3 at 52-53).  And although Dr.

18   Grant considered a 10% CMAP change in his original study, he did not include the 73 examples.

19   *See id.*  Dr. Grant may not add this new data—cataloguing of Hz interference and 73 examples of

20   CMAP abnormalities—now to conduct an alternative calculation for his analysis.  The Court thus

21   grants the Radar Parties' motion to strike in part regarding these two new opinions.

22   ## C.     *The parties must meaningfully meet and confer before submitting reply expert*

23   *opinions.*

24   The Court reminds the parties that "discovery is supposed to proceed with minimal

25   involvement of the Court."  *Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1145 (D. Nev.

26   2015).  While the Court refrains from opining on the Radar Parties' arguments regarding future

27   reply reports by the Allstate Parties because those arguments are not ripe, the parties are reminded

28   of the requirement to meet and confer in good faith.  LR 26-6(c).  To be clear, the Radar Parties'

arguments about the expense of expert discovery, that Dr. Grant's reply report was unexpected, and that the Allstate Parties alternatively characterized the report as a "supplement" and "reply" when it suited them is not lost on the Court.  Future attempts to shoehorn reply reports into rough alignment with the Federal Rules of Civil Procedure will be closely scrutinized.

IT IS THEREFORE ORDERED that both parties' motions to seal (ECF Nos. 402, 416, & 420) are **granted**.

IT IS FURTHER ORDERED that the Radar Parties' motion to strike (ECF Nos. 403 & 406) is **granted in part** regarding the two opinions specified in this Order.

DATED: October 5, 2021

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE