UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allstate Insurance Company, et al., | Case No. 2:15-cv-01786-APG-DJA |
| Plaintiffs, | |
| v. | **Order** |
| Russell J. Shah MD, et al., | |
| Defendants. | |

This is a fraud action arising out of Allstate Insurance Company, Allstate Property & Casualty Insurance Company, Allstate Indemnity Company, and Allstate Fire & Casualty Insurance Company (the "Allstate Parties") allegation that Russell J. Shah, MD; Dipti R. Shah, MD; Russell J. Shah, MD, Ltd; Dipti R. Shah, MD, Ltd; and Radar Medical Group dba University Urgent Care (the "Radar Parties") caused Allstate to overpay in settling claims. Both the Allstate Parties and the Radar Parties move to seal exhibits to—and in the case of the Radar Parties, an unredacted portion of—their respective motions for summary judgment. (ECF Nos. 459, 497). Because the Court finds that both the Allstate Parties and the Radar Parties have provided compelling reasons, it grants both motions to seal.

**I.     Discussion.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard. *See Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101. Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety*, 809 F.3d at

1097 (quoting *Kamakana*, 447 F.3d at 1179). That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Finally, the failure of a party to file points and authorities in response to a motion constitutes a consent to the granting of the motion. LR 7-2(d).

The Court grants the Allstate Parties' motion to seal and will require the Allstate Parties to file their exhibits on the docket. (ECF No. 459). The Allstate Parties explain, for each exhibit to their motion for summary judgment that they seek to seal, why the documents need protection. (*Id.*). Exhibits 1 and 2—excerpts from Drs. Dipti and Russell Shah's depositions—contain information pertaining to patients, patient care, and attorney communications. (*Id.* at 3). Exhibits 3, 5, 6, 9, and 12—exhibits to Drs. Dipti and Russell Shah's depositions—contain the full names of patients, reference settlement discussions involving those patients, contain Drs. Dipti and Russell Shah's confidential financial information such as loan and account information, and contain financial information from Anthem Blue Cross. (*Id.* at 3-4). Exhibits 4 and 8—Drs. Dipti and Russell Shah's interrogatory answers—include patients' names and confidential financial information. (*Id.* at 4). Finally, exhibits 13-15 and 17 involve expert damage testimony from both sides which contains sensitive financial information regarding Drs. Dipti and Russell Shah. (*Id.*). Although Allstate Parties have not filed these documents under seal, they have nonetheless described them in sufficient detail for the Court to find that the Allstate Parties have compelling reasons, beyond the parties' stipulated protective order, to seal them. Patients have a privacy interest in their health information and Drs. Dipti and Russell Shah have an interest in protecting their financial information. Finally, no party has objected to the Allstate Parties' motion. The Court will thus grant the Allstate Parties' motion to seal and require the Allstate Parties to file the documents at issue under seal.

The Court grants the Radar Parties' motion to seal. The Radar Parties explain that the portions of their summary judgment motion that they seek to redact and the exhibits to that motion that they seek to file under seal contain two general categories of confidential

information: (1) the private health information of nonparties to this case; and (2) business and proprietary information related to Allstate's claim handling process. (ECF No. 497). The Radar Parties add that they cannot reasonably redact either category of information because, for example, the deposition testimony either "entirely discusses each patient's private medical information" or "is driven by information contained in Allstate's claim handling manuals and written policies and procedures manuals." (*Id.* a 4). The Court agrees that there are compelling reasons, beyond the parties' stipulated protective order, to seal the documents at issue. As the Radar Parties point out, the patients whom the documents discuss have a privacy interest in their health information and Allstate has reason to seal its proprietary business information concerning how it handles its claims. Finally, no party has objected to the Radar Parties' motion. The Court thus grants the Radar Parties' motion.

**IT IS THEREFORE ORDERED** that the Allstate Parties' motion to seal (ECF No. 459) is **granted.** The Allstate Parties shall file the exhibits at issue under seal on the docket.

**IT IS FURTHER ORDERED** that the Radar Parties' motion to seal (ECF No. 497) is **granted.**

DATED: February 28, 2023

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE