UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DR. RUSSELL J. SHAH, M.D., et al., <br><br> Defendants. | Case No. 2:15-cv-01786-APG-DJA <br><br> **ORDER GRANTING IN PART MOTION TO SEAL EXHIBITS** <br><br> (ECF No. 512) |

The plaintiffs move to file under seal 10 exhibits supporting their response to the defendants' motion for summary judgment. ECF No. 512.  They contend those exhibits contain confidential patient information and parties' financial information.  Those exhibits contain much more than just confidential information, but the plaintiffs do not explain why they should be sealed in their entirety.

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Such records are presumptively publicly accessible. *Id.*  A party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.*  In the case of dispositive motions, the party seeking to seal must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure. *Id.* at 1178-79.  Among the compelling reasons that may justify sealing a record are when court files might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179.  But avoiding a litigant's

embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal records. *Id.* The mere fact that a party designated information as confidential under a protective order does not satisfy *Kamakana*'s standard.

The plaintiffs seek to seal these entire exhibits even though there appears to be comparatively very little confidential information in them. The plaintiffs do not explain why everything contained in the exhibits is confidential. Nor do they explain why they cannot redact those portions that truly are confidential and leave the remainder unredacted. Partial redaction is the preferred course of action.

I will allow the exhibits filed at ECF No. 513 to remain sealed temporarily so the parties may confer about what portions of the exhibits should be sealed. If any party determines that a portion of an exhibit should remain sealed, that party must file a motion to seal along with proposed redacted versions of the exhibits. If the party believes redacting will be too onerous so sealing an entire exhibit is more appropriate, they must explain why. Any motion to seal must set forth compelling reasons for sealing. The motion to seal is due by **March 31, 2023**. If no such motion is filed by that date, ECF No. 513 will be unsealed.

I THEREFORE ORDER that the plaintiffs' motion to seal **(ECF No. 512) is granted in part.** The documents filed at ECF No. 513 will remain sealed temporarily so the parties may confer about what, if any, portions of the exhibits should be sealed. If any party determines that a portion of those exhibits should remain sealed, that party must file a motion to seal along with

/ / / /

/ / / /

/ / / /

proposed redacted versions of the exhibits.  The motion to seal is due by **March 31, 2023**.  If no such motion is filed by that date, ECF No. 513 will be unsealed.

DATED this 10th day of March, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE