# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Allstate Insurance Company, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Russell J. Shah MD, et al., <br><br> Defendants. | Case No. 2:15-cv-01786-APG-DJA <br><br> **Order** |

This is a fraud action arising out of Allstate Insurance Company's, Allstate Property & Casualty Insurance Company's, Allstate Indemnity Company's, and Allstate Fire & Casualty Insurance Company's (the "Allstate Parties") allegation that Russell J. Shah, MD; Dipti R. Shah, MD; Russell J. Shah, MD, Ltd; Dipti R. Shah, MD, Ltd; and Radar Medical Group dba University Urgent Care (the "Radar Parties") caused Allstate to overpay in settling claims. Both the Allstate Parties and Radar Medical Group move to seal exhibits to and unredacted portions of their respective summary judgment briefings. (ECF Nos. 544, 550). Because the Court finds that Radar Medical Group has demonstrated compelling reasons, it grants Radar Medical Group's motion to seal. (ECF No. 544). Because the Court is unable to evaluate the documents the Allstate Parties seek to seal and because the Allstate Parties' redactions are more extensive than their motion supports, the Court denies the Allstate Parties' motion to seal without prejudice. (ECF No. 550).

**I.   Discussion.**

A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092 (9th Cir. 2016). A party seeking to seal judicial records attached to motions more than tangentially related to the merits of the case must meet the "compelling reasons" standard. *See*

*Kamakana*, 447 F.3d at 1183; *Ctr. for Auto Safety*, 809 F.3d at 1101.  Under that standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'"  *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Kamakana*, 447 F.3d at 1179).  That a party has designated a document as confidential under a protective order does not, standing alone, establish sufficient grounds to seal a filed document.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  Finally, the failure of a party to file points and authorities in response to a motion constitutes a consent to the granting of the motion.  LR 7-2(d).

The Court grants Radar Medical Group's motion to seal.  (ECF No. 544).  Radar Medical Group explains that its response to the Allstate Parties' motion for summary judgment contains three general categories of confidential information: the private health information of non-parties, its business and financial information, and the Allstate Parties' business and proprietary information.  Radar Medical Group explains which exhibits fall under which category and that it cannot reasonably redact the exhibits it seeks to seal because of the extent of confidential information they contain.  Radar Medical Group also seeks to redact the portions of its response that contain these categories of information.  No party has objected to Radar Medical Group's motion to seal.  Having reviewed Radar Medical Group's redactions and sealed exhibits, the Court finds that Radar Medical Group has demonstrated compelling reasons to keep these documents under seal.

The Court denies the Allstate Parties' motion to seal without prejudice.  (ECF No. 550). Although the Allstate Parties explain that they seek to seal private health information, medical expert testimony regarding patient treatment, the Allstate Parties' business and proprietary claims handling information, and the Radar Parties' business and proprietary information, they do not explain which exhibits contain which confidential information.  And other than their unredacted response, the Allstate Parties have not filed the exhibits under seal for the Court to review as required under Local Rule IA 10-5.  LR IA 10-5(a) (papers filed with the court under seal must be *accompanied* by a motion for leave to file those documents under seal) (emphasis added).

Additionally, the Allstate Parties' redactions in their response are extensive and it is not clear based on their motion to seal why all the redactions are warranted. The Court will thus deny the Allstate Parties' motion to seal without prejudice. The Allstate Parties must file the attachments to their response to the Radar Parties' motion for summary judgment under seal on the docket with a concurrently filed renewed motion to seal on or before May 1, 2023.

**IT IS THEREFORE ORDERED** that Radar Medical Group's motion to seal (ECF No. 544) is **granted.**

**IT IS FURTHER ORDERED** that the Allstate Parties' motion to seal (ECF No. 550) is **denied without prejudice.** The Allstate parties shall file the attachments to their response to the Radar Parties' motion for summary judgment under seal on the docket with a concurrently filed renewed motion to seal on or before **May 1, 2023**.

DATED: April 10, 2023

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE