# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | Case No.: 2:15-cv-01786-APG-DJA |
| Plaintiffs | **Order on Status Report** |
| v. | [ECF No. 592] |
| DR. RUSSELL J. SHAH, MD, et al., | |
| Defendants | |

I previously granted in part the defendants' (collectively, Radar) motion for summary judgment on the plaintiffs' (collectively, Allstate) claims "with respect to those underlying claims where Radar's bills had no impact on settlement." ECF No. 583 at 9. I noted that these underlying patient claims would "generally fall into three types of claims: (1) where other medical providers' bills or other factors like a future surgery recommendation led Allstate to settle for policy limits regardless of Radar's bills; (2) where Allstate's adjusters stated they were not considering any of Radar's bills in negotiating a settlement; or (3) where Allstate's Rule 30(b)(6) witnesses testified that more likely than not, the claim could not have settled for less even if Radar's bills were disregarded." *Id.* at 8. I directed the parties to confer on which patients' claims fell into these categories, to stipulate to dismiss Allstate's claims based on those patients' underlying claims if they could agree, and to file a joint status report as to those claims about which they could not agree. *Id.* at 9, 12.

The parties conferred and agreed that, based on my order, Allstate's claims for 91 patients must be dismissed, 91 are not subject to dismissal, and 15 remain in dispute. ECF No. 593 at 2. The parties submitted a joint status report outlining their disputes over these 15

1  remaining patients. ECF No. 592.  As set forth below, I decline to dismiss Allstate's claims

2  based on any of these 15 disputed patients.

3          1.  No. 27, Patient P.M. (Claim No. 147431571)

4          Allstate contends that its claims based on this patient should not be dismissed because

5  (1) the patient's attorney initially requested $325,000 to settle and demanded the policy limit up

6  until shortly before the final settlement, (2) Allstate's Rule 30(b)(6) witness testified she did not

7  know whether the claim could have been settled for less, and (3) there is no external factor that

8  suggests that Radar's bills had no impact on the settlement.  Radar responds that Allstate's Rule

9  30(b)(6) witness testified she was not able to say that Allstate would have settled this claim for

10  less had Allstate not considered Radar's bills.

11          P.M.'s insurance claim settled for $28,500 out of a policy limit of $100,000. ECF No.

12  488-1 at 87, 89-90.  Allstate's Rule 30(b)(6) witness for this claim file was asked the following

13  question and gave the following answer:

14          Q:  Okay.  Are you able to say as you look at this file that Allstate would
        have settled for less than $28,500 had it not considered Dr. Russell Shah's
15        billing?
                . . .
16          THE WITNESS:  No, I could not say.

17  *Id.* at 101.

18          I deny Radar's motion for summary judgment as to this patient, as it does not fall within

19  the criteria I previously outlined.  The Rule 30(b)(6) witness testified only that she could not say

20  that Allstate would have settled for less.  She did not testify that it was more likely than not that

21  this claim could not have settled for less even if Radar's bills were disregarded.  As I explained

22  in my order, "Allstate cannot go back in time and recreate a world where everyone knew about

23  Radar's alleged fraud." ECF No. 583 at 8.  The Rule 30(b)(6) witness's uncertainty about

1  Allstate's settlement prospects reflects that reality and is not an admission that Allstate could not

2  have settled for less.  Radar does not identify any other basis for excluding this patient's claim.

3      2.  No. 32, Patient R.V. (Claim No. 151735743)

4      Allstate argues that although the future surgery increased the settlement value, Allstate

5  considered Radar's bills in settling the overall claim.  Allstate contends that because Radar's

6  bills were over 50% of the allowed medical bills, removing those bills would have impacted the

7  settlement.  Radar responds that Allstate's Rule 30(b)(6) witness testified that the patient rejected

8  two lower settlement offers and Allstate made the business decision to settle the claim.  Radar

9  contends that this testimony shows Allstate settled regardless of Radar's bills.

10     R.V.'s claim settled for $86,000 out of a $250,000 policy limit. ECF No. 475-1 at 204,

11  224-25.  R.V. had a recommendation for a future shoulder surgery. *Id.* at 216-17.  Allstate made

12  an initial settlement offer of $18,000, but R.V. rejected it. *Id.* at 219.  Allstate later increased its

13  offer to $67,000, which R.V. again rejected and counteroffered $225,000. *Id.* at 223-24.  Allstate

14  increased its offer to $75,000, and R.V. countered at $90,000. *Id.* at 224.  R.V. then made an

15  offer of judgment of $86,000, which Allstate accepted. *Id.* at 224-25.  Allstate's Rule 30(b)(6)

16  witness for this claim file testified that R.V. had initially made a claim worth hundreds of

17  thousands of dollars but had come down close to what Allstate was offering, so Allstate made a

18  "business decision" to settle to avoid litigation. *Id.* at 225, 228.

19     I deny Radar's motion for summary judgment as to this patient.  A reasonable jury could

20  find that absent Radar's fraud, the patient's medical bills would have been lower, which would

21  have impacted not only Allstate's evaluation of the claim but also the patient's.  The fact that the

22  patient had been unwilling to accept a lower offer where Radar's bills were included does not

23  rule out the possibility that a reasonable jury could find that if all parties had known that Radar's

1  bills were fraudulent (which I assume for purposes of Radar's motion), then both parties would

2  have valued the claim lower.

3      3.  No. 44, Patient R.D. (Claim No. 163301203)

4      Allstate argues that it internally allowed $12,069 for Radar's bills out of a total of

5  $39,252 in medical bills and offset $41,000 provided by another insurer.  Allstate contends that if

6  Radar's bills had been excluded, the settlement could have been less than the policy limit given

7  the impact Radar's bills and referrals had on not only special damages (medical bills) but also

8  general damages (pain and suffering).  Radar responds that Allstate's Rule 30(b)(6) witness

9  testified that she could not say whether the claim could have settled for less and that Radar's

10 treatment was not considered the driving factor for this settlement.

11     R.D. settled for Allstate's $50,000 policy limit. ECF No. 472-1 at 211.  Allstate's Rule

12 30(b)(6) witness was asked the following question and gave the following answer:

13          Q.  Based on this claims history and the conversations between Allstate
            and [R.D's] counsel, fair to say that, as you sit here today, you don't have any
14          reason to believe that [R.D.'s] claim could have, in fact, settled for less than
            $50,000?
15          . . .
            THE WITNESS:  I can't say.
16

17 *Id.* at 237; *see also id.* at 238 (witness responding "I can't say" as to whether Allstate could have

18 settled the claim for less if it excluded Radar's bills).

19     I deny Radar's motion for summary judgment as to this patient.  The Rule 30(b)(6)

20 witness testified only that she could not say that Allstate could have settled for less, not that it

21 was more likely than not that this claim could not have settled for less even if Radar's bills were

22 disregarded.  Additionally, a reasonable jury could find that absent Radar's alleged fraud, the

23

1 patient's medical bills would have been lower, which would have impacted Allstate's and the

2 patient's evaluation of the claim.

3         4.  No. 46, Patient G.V. (Claim No. 165579475)

4         Allstate contends that for this claim file, it increased its initial offer specifically in

5 consideration of Radar's bills.  Allstate notes that Radar's bills were half the total medical bills

6 allowed, so removing those bills would have impacted both special and general damages, and

7 thus the overall settlement.  Radar responds that Allstate's Rule 30(b)(6) witness testified that

8 Allstate's adjuster thought that Radar's bills were too high but nevertheless offered $14,000

9 because Allstate had a duty to protect the customer and sometimes pays more than the amount

10 Allstate values the claim.  Radar contends this shows Allstate would have settled for the same

11 amount regardless of Radar's bills.

12         G.V. settled for $14,000 out of a $100,000 policy limit. ECF No. 469-1 at 82, 89.  The

13 Allstate adjuster on this claim noted that Radar's bills were "inflated" and "too high." *Id.* at 82,

14 88.  Allstate nevertheless offered $14,000 to settle the claim because "sometimes to protect [the]

15 customer, [Allstate] pay[s] more than what [it] think[s] the value of the claim should be." *Id.* at

16 88.

17         I deny Radar's motion for summary judgment as to this patient.  Allstate considered

18 Radar's bills in settling this claim, and a reasonable jury could find that the patient did too, such

19 that the overall settlement amount was impacted by Radar's bills.

20         5.  No. 49, Patient K.M. (Claim No. 170565899)

21         Allstate contends that the evidence shows Radar's bills were considered in evaluating and

22 negotiating this claim.  Radar responds that Allstate's Rule 30(b)(6) witness testified that it was

23 possible the claim still would have settled for the same amount even if a Radar bill for an

allegedly unnecessary treatment was excluded.  Radar contends this shows the claim would have settled for the same amount regardless of Radar's bill.

Allstate's Rule 30(b)(6) witness could not say whether the adjuster on this claim excluded all or only some of Radar's bills. ECF No. 488-1 at 177-79.  When asked if the claim still would have settled for $37,000 without considering one of Radar's bills, the adjuster responded it was a "possibility." *Id.* at 182-83.  When asked if it was more likely than not that the claim would still have settled for $37,000 if Allstate never considered Radar's records, the witness answered that she did not know. *Id.* at 183.

I deny Radar's motion for summary judgment as to this patient.  The Rule 30(b)(6) witness testified only that it was possible that the claim would have settled for the same amount, not that it was more likely than not that this claim could not have settled for less even if Radar's bills were disregarded.  There was some uncertainty whether the adjuster considered Radar's billing at all in settling this claim, but that is for a jury to resolve.  If the jury finds Radar's bills were considered, then a reasonable jury could find that absent Radar's alleged fraud, the patient's medical bills would have been lower, which would have impacted Allstate's and the patient's evaluation of the claim.

### 6.  No. 53, Patient A.V. (Claim No. 176502102)

Allstate admits that its decision to settle for the policy limit was driven by the high medical bills for this claim, but notes that Radar's bills and referrals accounted for $10,097.55 out of $16,680.80 total medical bills.  Allstate thus contends that a jury could find that the claim may have settled for less if Radar's bills were disregarded.  Radar responds that Allstate's Rule 30(b)(6) witness testified that she would not say that it was more likely than not that Allstate would have settled for less even if it disregarded Radar's bills.

The policy limit associated with this claim was $25,000. ECF No. 484-1 at 160-61.  The adjuster believed some treatment was excessive, but given the overall amount of incurred medical bills and the low policy limit she recommended offering the policy limit. *Id.* at 162, 164. In making this determination, the adjuster considered Radar's bills. *Id.* at 163.  Allstate's Rule 30(b)(6) witness testified that if the medical bills had been lower, it was possible the claim could have settled below the policy limit. *Id.* at 167.  When asked if she could say it was more likely than not that Allstate would have settled for less if it excluded Radar's bills, she responded that she "would not say that." *Id.* at 168.  But she also stated that if Radar's bills were found to be fraudulent, then she "would say for sure that [Allstate] probably would have settled this claim for less than policy limits" because Radar's bills amounted to nearly half the policy limit. *Id.*

I deny Radar's motion for summary judgment on this claim because it does not fit within the criteria I outlined.  The Rule 30(b)(6) witness did not testify that it was more likely than not that this claim could not have settled for less even if Radar's bills were disregarded.  Her testimony reflects the uncertainty of whether a lower settlement was possible in a world where everyone knew about Radar's fraud.  Given that Radar-related bills were half the policy limit, a reasonable jury could find that those bills impacted the overall settlement value.

### 7.  No. 62, Patient M.V. (Claim No. 188002810)

Allstate contends that its adjuster testified she considered Radar's bills in evaluating the claim.  Allstate argues that removing the $3,021 that Allstate internally allowed for Radar's bills would have reduced the overall settlement value.  Radar responds that Allstate's Rule 30(b)(6) witness testified that she could not say that it was more likely than not that Allstate would have been able to settle the claim for less if Allstate had not considered Radar's bills.

1    I deny Radar's motion for summary judgment on this claim.  The Rule 30(b)(6) witness

2 did not testify that it was more likely than not that this claim could not have settled for less even

3 if Radar's bills were disregarded.  She testified that she "would not be able to say" that it was

4 more likely than not that Allstate could have settled the claim for less than $39,000 had it not

5 considered Radar's bills. ECF No. 466-1 at 30.  Her testimony reflects the uncertainty of whether

6 a lower settlement was possible in a world where everyone knew about Radar's fraud. *See id.* at

7 31-33 (testifying that she did not know what would have happened if Radar's bills were not

8 included).  She testified that the adjuster considered half of Radar's bills in negotiating a

9 settlement. *Id.* at 31.  A reasonable jury could find that Radar's bills impacted the overall

10 settlement value for both Allstate and the claimant.

11    8.  No. 72, Patient M.R. (Claim No. 194891099)

12    Allstate argues that its adjuster testified that Allstate possibly could have settled the claim

13 for less than it did and that is supported by the fact that Radar's bills were over 60% of the total

14 allowed medical bills.  Radar responds that Allstate's Rule 30(b)(6) witness testified that more

15 likely than not Allstate still would have settled for the same amount.

16    This claim settled for $16,700. ECF No. 481-1 at 63.  Allstate's Rule 30(b)(6) witness

17 testified that it was "possible" that Allstate could have settled the claim for less. *Id.* at 69; *see*

18 *also id.* at 72 (stating Allstate "possibly could have" settled for less).  When asked if Allstate

19 could have settled for less if it knew Radar's bills were fraudulent, the witness answered that he

20 would not know that. *Id.* at 72.  When asked if it was "more likely than not that Allstate would

21 have still settled for $16,700," the witness answered "Yes." *Id.* at 73.

22    I deny Radar's motion for summary judgment on this claim. Allstate's Rule 30(b)(6)

23 witness's testimony was equivocal at times.  He expressed both that it was possible Allstate

8

could have settled for less and that more likely than not Allstate would have still settled for the same amount regardless of Radar's bills.  But he did not testify that "more likely than not, the claim could not have settled for less even if Radar's bills were disregarded," which is the criteria I established for dismissal. ECF No. 583 at 8.

9.  No. 83, Patient J.S. (Claim No. 1974985613)

Allstate argues that it considered Radar's bills in settling this claim.  Radar responds that Allstate's 30(b)(6) designee testified that she could not say that Allstate would have been able to settle the claim for less if it disregarded Radar's bills.

This claim settled for $43,500. ECF No. 489-1 at 20.  Allstate's Rule 30(b)(6) witness testified that she could not state that Allstate could have settled for less had it disregarded Radar's bills. *Id.* at 23.

I deny Radar's motion for summary judgment on this claim because it does not fit within the criteria I outlined.  The Rule 30(b)(6) witness did not testify that it was more likely than not that this claim could not have settled for less even if Radar's bills were disregarded.  Her testimony reflects the uncertainty of whether a lower settlement was possible in a world where everyone knew about Radar's fraud.  A reasonable jury could find that Radar's bills impacted the overall settlement value for both Allstate and the claimant.

10.  No. 104, Patient R.S. (Claim No. 208279018)

Allstate argues that its witness testified that the claim potentially could have settled for less had Allstate not considered Radar's bills.  Radar responds that that the same witness testified that she was not able to say it was more likely than not that Allstate could have settled for less had it not considered Radar's bills.

Allstate's Rule 30(b)(6) witness for this claim testified that Allstate considered Radar's bills in evaluating this claim. ECF No. 467-1 at 59.  She testified that if Radar's bills were backed out of the analysis, then potentially Allstate could have settled for less. *Id.* at 59-60.  The witness agreed that she could not say it was more likely than not that Allstate would have been able to settle for less had it not considered Radar's bills. *Id.* at 63-64.

I deny Radar's motion for summary judgment on this claim because it does not fit within the criteria I outlined.  The Rule 30(b)(6) witness did not testify that it was more likely than not that this claim could not have settled for less even if Radar's bills were disregarded.  Her testimony reflects the uncertainty of whether a lower settlement was possible in a world where everyone knew about Radar's fraud.  A reasonable jury could find that Radar's bills impacted the overall settlement value for both Allstate and the claimant.

11.  No. 105, Patient H.C. (Claim No. 209315258)

Allstate argues that it considered Radar's bills in settling this claim and its witness testified that the claim could have settled for less if Radar's bills were excluded.  Radar responds that the same witness testified that she had no basis for believing the claim could have settled for less and she could not say that more likely than not the case would have settled for less.

Allstate's Rule 30(b)(6) witness for this claim testified that she had no basis for believing the claim could settle for less than $10,000 and no way of saying that the claimant's attorney would have agreed to disregard Radar's bills. ECF No. 467-1 at 83-84.  But when asked if it was more likely than not that Allstate still would have settled for the same amount, she stated that she could not say that "with certainty." *Id.* at 85.  She explained that the case settled for $10,000, that Radar's bills amounted to about $2,000, and so removing those bills would change the settlement evaluation. *Id.* at 86-87.

1    I deny Radar's motion for summary judgment on this claim because it does not fit within

2  the criteria I outlined.  The Rule 30(b)(6) witness did not testify that it was more likely than not

3  that this claim could not have settled for less even if Radar's bills were disregarded.  Her

4  testimony reflects the uncertainty of whether a lower settlement was possible in a world where

5  everyone knew about Radar's fraud.  A reasonable jury could find that Radar's bills impacted the

6  overall settlement value for both Allstate and the claimant.

7    12.  No. 123, Patient C.K. (Claim No. 226314250)

8    Allstate argued that its witness testified that it was possible to settle the claim for less had

9  all parties known about Radar's fraud.  Radar responds that Allstate's witness testified that it was

10  possible that claim still would have settled for the same amount and that Allstate chose to settle

11  for that amount as a business decision, not based on the medical treatment.

12    Allstate's Rule 30(b)(6) witness for this claim testified that it was possible that the claim

13  could have settled for less, although he had no way of knowing whether the claimant would have

14  accepted less or would have agreed not to consider Radar's bills in resolving the claim. ECF No.

15  481-1 at 222.  The witness testified it was possible that Allstate would have settled for the same

16  amount, but he had no way of knowing whether it would have. *Id.* at 223.  He agreed that

17  Allstate was paying more than it had internally valued the claim and that it made a business

18  decision to settle for that amount. *Id.* at 223-24.  Although acknowledging it was a business

19  decision, the witness testified that he would have no way of knowing if Allstate would have

20  settled for the same amount because it "changes the whole way you look at a claim, just

21  removing something." *Id.* at 224.

22    I deny Radar's motion for summary judgment on this claim because it does not fit within

23  the criteria I outlined.  The Rule 30(b)(6) witness did not testify that it was more likely than not

1   that this claim could not have settled for less even if Radar's bills were disregarded.  His

2   testimony reflects the uncertainty of whether a lower settlement was possible in a world where

3   everyone knew about Radar's fraud.  A reasonable jury could find that Radar's bills impacted the

4   overall settlement value for both Allstate and the claimant.

5       13.  No. 128, Patient E.J. (Claim No. 227885928)

6       Allstate argues that it considered Radar's bills and its witness testified that the settlement

7   could have been lower if those bills were disregarded.  Radar responds that Allstate's witness

8   testified that Allstate most likely could not have settled for less than $7,600 if it excluded

9   Radar's bills and more likely than not Allstate would have settled for close to the same amount

10  even if E.J. filed a lawsuit.

11      Allstate's Rule 30(b)(6) witness for this claim testified that the settlement would have

12  been less if Allstate excluded Radar's bills, but she could not specifically state a settlement

13  amount because those charges would have been excluded and the claim reassessed. ECF No.

14  479-2 at 32-33.  But she also testified that most likely, Allstate would have ultimately settled for

15  close to the same amount even if E.J. filed suit. *Id.* at 33-34.

16      I deny Radar's motion for summary judgment on this claim because it does not fit within

17  the criteria I outlined.  The Rule 30(b)(6) witness did not testify that it was more likely than not

18  that this claim could not have settled for less even if Radar's bills were disregarded.  Her

19  testimony reflects the uncertainty of whether a lower settlement was possible in a world where

20  everyone knew about Radar's fraud.  A reasonable jury could find that Radar's bills impacted the

21  overall settlement value for both Allstate and the claimant.

22  ////

23  ////

1

14.  No. 130, Patient M.V. (Claim No. 229474010)

Allstate argues that it considered Radar's bills in settling this claim and because Radar's bills constituted a significant portion of the internally allowed amount of medical bills, removing them would have impacted the claim's value.  Radar responds that Allstate's witness testified that she could not testify that Allstate would have been able to settle for less if it disregarded Radar's bills.

This claim settled for $22,000. ECF No. 489-2 at 96.  Allstate's Rule 30(b)(6) witness testified that she could not say that Allstate would have been able to settle for less if it had not considered Radar's bills. *Id.* at 99.

I deny Radar's motion for summary judgment on this claim because it does not fit within the criteria I outlined.  The Rule 30(b)(6) witness did not testify that it was more likely than not that this claim could not have settled for less even if Radar's bills were disregarded.  Her testimony reflects the uncertainty of whether a lower settlement was possible in a world where everyone knew about Radar's fraud.  A reasonable jury could find that Radar's bills impacted the overall settlement value for both Allstate and the claimant.

15.  No. 146, Patient R.M. (Claim No. 241895373)

Allstate argues that it considered Radar's bills in evaluating and settling the claim.  Radar responds that Allstate's witness testified that she could not testify that Allstate would have been able to settle for less if it disregarded Radar's bills.

Allstate's Rule 30(b)(6) witness for this claim testified that Allstate considered Radar's bills in evaluating this claim. ECF No. 490-1 at 32.  She could not state that Allstate would have been able to settle for less if it had disregarded Radar's bills. *Id.*

13

1    I deny Radar's motion for summary judgment on this claim because it does not fit within

2  the criteria I outlined.  The Rule 30(b)(6) witness did not testify that it was more likely than not

3  that this claim could not have settled for less even if Radar's bills were disregarded.  Her

4  testimony reflects the uncertainty of whether a lower settlement was possible in a world where

5  everyone knew about Radar's fraud.  A reasonable jury could find that Radar's bills impacted the

6  overall settlement value for both Allstate and the claimant.

7    **16. Conclusion**

8    I THEREFORE ORDER that I deny Radar's motion for summary judgment as to

9  Allstate's claims based on these 15 disputed claimants.  The case therefore will proceed on the

10  91 claimants the parties stipulated would proceed plus the 15 claimants identified in this order.

11    DATED this 6th day of November, 2023.

12

13    _____

    ANDREW P. GORDON
14    UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

14