UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Allstate Insurance Company et al, <br><br>   Plaintiffs, <br><br> vs. <br><br> Shah, MD et al, <br><br>   Defendants. | **2:15-cv-01786-APG-MDC** <br><br> **ORDER** |

Pending before the Court is defendants' *Motion to File Under Seal* ("Motion") *(ECF No. 699)*. For the reasons stated below, the Court GRANTS the Motion.

### DISCUSSION

**I. BACKGROUND**

The underlying facts of this case involve fraud from defendants' allegedly overbilling services performed. Plaintiffs allege that defendants over-treated personal injury claimants to bill increased and excessive amounts from plaintiffs. Counterclaims have been raised and remain by defendant Radar Medical for Intentional Interference with Contractual Relations and Intentional Interference with Prospective Economic Advantage against plaintiffs.

Defendants filed the "Omnibus Appendix" to factually support their assertions in their Responses to plaintiff's Motions in Limine. *ECF No. 696-698*. The Omnibus Appendix includes Exhibits numbered 567 through 580 that defendants claim are confidential, including personal health and data information. *ECF No. 699* at 3. Defendants move to seal these Exhibits. *See generally id.*

**II. LEGAL STANDARD**

Courts have recognized that the public has "a general right to inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978)). Because of this, unless a particular court record is one

"traditionally kept secret," there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record must meet one of two standards. *See generally Ctr. for Auto Safety*, 809 F.3d at 1096-1102.

If a party seeks to seal a document attached to a dispositive motion, the party must show that there is a "compelling reason" to seal the document. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 667 (9th Cir. 2010). That is, the party seeking to seal "must articulate[] compelling reasons supported by specific factual findings…that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations and quotations omitted). "What constitutes a compelling reason is best left to the sound discretion of the trial court." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon* 435 U.S. at 599) (internal quotations omitted). However, courts have found compelling reasons to seal documents that might otherwise become a vehicle for improper purposes. *Nixon*, 435 U.S. at 598.

If a party seeks to seal a document attached to a non-dispositive motion, then the party need only show that "good cause" exists. *Pintos*, 605 F.3d at 678. This is the same good cause standard that applies to protective orders under Rule 26(c) of the Federal Rules of Civil Procedures. *Kamakana*, 447 F.3d at 1179-80. "For good cause to exist, the party seeking [to seal] bears the burden of showing specific prejudice or harm will result[.]" *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

**III. ANALYSIS**

Defendants seek to seal Exhibits supporting a response to Motions in Limine; therefore, the Court applies the "compelling reason" standard. *See Amarin Pharma, Inc. v. West-Ward Pharm. Int'l Ltd.*, No. 2:16-cv-02525-MMD-NJK, 2020 WL 32549 at *5 (D. Nev. January 2, 2020) (using the compelling reason standard to Exhibits attached to a party's response to Motions in Limine). Defendants argue that Exhibits 567 through 580 have the private health information of 106 "remaining at-issue patients underlying Allstate's allegations." *ECF No. 699* at 4. Defendants further argue that that are not

able to "reasonably redact" because some of the Exhibits have so much private information that it would take significant effort to redact. *Id.* They also note that in prior orders in this case, *ECF No. 67*, *ECF No. 133*, *ECF No. 134*, and *ECF No. 217*, Motions to Seal were granted based in similar reasoning as defendants are arguing here.[1] Plaintiffs do not oppose the Motion. The Court finds that compelling reasons exist to warrant sealing the Exhibits. Courts have found that protecting people's private medical information satisfy the compelling reason. *See e.g., Abbey v. Haw. Emps. Mut. Ins. Co.*, 760 F. Supp. 2d 1005, 1013 (D. Haw. 2010) (collecting cases).

//
//
//
//
//
//

---

[1] In addition, on May 20, 2016, the Court entered a Protective Order in *ECF No. 39*. The Order stated that Confidential Information filed by any party or referenced by any party "shall" be filed under seal or redacted form. Confidential information per the Protective Order is:

> admissions, documents, materials, items and tangible things  produced, disclosed or otherwise exchanged in discovery in this action, regardless of the medium or manner generated, stored or maintained  (collectively, "Discovery Material"), (i) which has not been made  public, (ii) which constitutes protected health information (as defined  under HIPAA) pertaining to those non-parties identified (by initials) in Exhibit "A" to the Complaint for Damages and Demand for Jury Trial [Dkt. #1-1], trade secrets, confidential research and development information, know-how, propriety data, commercial information, company policies or practices, financial information, accounting information, business strategies, personnel files, and/or highly personal and sensitive information, (iii) which the producing party maintains in confidence, and (iv) which the producing party in good faith believes that the unprotected disclosure or production of which may result in economic or competitive injury or harm to or invasion of its rights or the rights of a non-party to this action.

*ECF No. 39*, § 2. The medical information as described by defendants likely are confidential information as defined by the Protective Order.

ACCORDINGLY,

**IT IS ORDERED that** the *Motion to File Under Seal* (*ECF No. 699*) is GRANTED.

DATED this 27th day of August 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge